WILDER'S S. S. CO. v. HIND et al.

(Circuit Court of Appeals, Ninth Circuit.    April 1, 1901.)

### No. 662.

FEDERAL COURTS—APPELLATE JURISDICTION—APPEALS FROM SUPREME COURT
OF HAWAII.

Act April 30, 1900, providing a government for the territory of Hawaii,
provides for two systems of courts in such territory, by establishing a
federal district court, having the jurisdiction both of a district and a
circuit court of the United States, and over which the circuit court of
appeals of the Ninth circuit is given appellate jurisdiction, and by re-
taining the system of local courts established by the republic of Hawaii,
to be known as "Territorial Courts." Section 10 provides that all ac-
tions at law, suits in equity, "and other proceedings" pending at the
time of the taking effect of the act in the courts of the republic of
Hawaii shall be carried on to final judgment and execution in the corre-
sponding courts of the territory of Hawaii.    Section 86 provides that
"the laws of the United States relating to appeals, writs of error, re-
moval of causes and other matters and proceedings as between the
courts of the United States and the courts of the several states, shall
govern in such matters and proceedings as between the courts of the
United States and the courts of the territory of Hawaii." *Held,* that
suits in admiralty pending in the courts of the republic at the date when
the act took effect, although not mentioned in terms, were embraced in
the provision of section 10, as "other proceedings," which should be con-
tinued to final judgment in such courts, and that a decree entered by
the supreme court of the territory in such a suit after the act took ef-
fect was not appealable to the circuit court of appeals of the Ninth cir-
cuit, but was reviewable only by the supreme court of the United States,
*under the same conditions and upon the same grounds that a judgment
of the supreme court of a state would be.*

Appeal from the Supreme Court of the Territory of Hawaii.

Kinney, Ballou & McClanahan and Nathan H. Frank, for appellant.

Paul Neumann, Henry Eickhoff, and Curtis H. Lindley, for appel-
lees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge.    The question presented in this case is
whether this court has jurisdiction to entertain an appeal from the
supreme court of the territory of Hawaii in an admiralty case.    The
suit was begun by filing a libel in admiralty in the circuit court of the
First circuit, Hawaiian Islands, Island of Oahu, on February 9, 1900.
The case was heard in that court upon April 9, and was decided on
May 7, 1900, and thereupon upon that date was appealed to the su-
preme court of the Hawaiian Islands, in which court a final decree
was rendered on November 9, 1900, whereupon notice was given of
appeal therefrom to this court.    The territory of Hawaii was created
by the act of congress approved April 30, 1900, entitled "An act to
provide a government for the territory of Hawaii."    By its terms the
act was to take effect 45 days after the approval thereof.    The pro-
visions of the act which may be said to relate to the question which
is presented in this case are the following:

"Sec. 2. That the islands acquired by the United States of America under
an act of congress entitled 'Joint resolution to provide for annexing the
108 F.—8

Hawaiian Islands to the United States,' approved July seventh, eighteen hundred and ninety-eight, shall be known as the Territory of Hawaii.

"Sec. 3. That a territorial government is hereby established over the said territory, with its capital at Honolulu, on the Island of Oahu."

"Sec. 5. That the constitution, and, except as herein otherwise provided, all the laws of the United States which are not locally inapplicable, shall have the same force and effect within the said territory as elsewhere in the United States. * * *

"Sec. 6. That the laws of Hawaii not inconsistent with the constitution or laws of the United States or the provisions of this act shall continue in force, subject to repeal or amendment by the legislature of Hawaii or the congress of the United States.

"Sec. 7. That the constitution of the republic of Hawaii and the laws of Hawaii, as set forth in the following acts, chapters, and sections of the civil laws, penal laws, and session laws, and relating to the following subjects, are hereby repealed." (Here follows a list of the laws repealed. Among the laws so repealed are the laws of the former republic relating to jurisdiction in maritime matters.)

"Sec. 10. That all rights of action, suits at law and in equity, prosecutions, and judgments existing prior to the taking effect of this act shall continue to be as effectual as if this act had not been passed: * * * all criminal and penal proceedings then pending in the courts of the republic of Hawaii shall be prosecuted to final judgment and execution in the name of the territory of Hawaii; all such proceedings, all actions at law, suits in equity, and other proceedings then pending in the courts of the republic of Hawaii shall be carried on to final judgment and execution in the corresponding courts of the territory of Hawaii."

Chapter 4 provides a judiciary for the territory, and establishes the jurisdictions of the several courts composing the same. Section 86 provides as follows:

"Sec. 86. That there shall be established in said territory a district court to consist of one judge, who shall reside therein and be called the district judge. * * * Said court shall have, in addition to the ordinary jurisdiction of district courts of the United States, jurisdiction of all cases cognizable in a circuit court of the United States, and shall proceed therein in the same manner as a circuit court; and said judge, district attorney, and marshal shall have and exercise in the territory of Hawaii all the powers conferred by the laws of the United States upon the judges, district attorneys, and marshals of district and circuit courts of the United States. Writs of error and appeals from said district court shall be had and allowed to the circuit court of appeals in the Ninth judicial circuit in the same manner as writs of error and appeals are allowed from circuit courts to circuit courts of appeals as provided by law, and the laws of the United States relating to juries and jury trials shall be applicable to said district court. The laws of the United States relating to appeals, writs of error, removal of causes, and other matters and proceedings as between the courts of the United States and the courts of the several states shall govern in such matters and proceedings as between the courts of the United States and the courts of the territory of Hawaii."

It is contended that the present appeal, being an appeal in an admiralty case, is not comprehended within the terms of the Hawaiian statute regulating appeals from the supreme court of the territory, but that it is one of the cases referred to in section 15 of the act of March 3, 1891, establishing the circuit court of appeals, and conferring jurisdiction upon that court over appeals from and writs of error to the courts of the territories. Upon consideration of the various provisions of the act providing a government for the territory of Hawaii, we are convinced that congress intended thereby to establish in that territory between the federal court created by the act and

the system of territorial courts then existing, and substantially by the act perpetuated, the relation which exists between the courts of the United States and the state courts in the various states. It is not disputed that congress had the power to create in the territory of Hawaii such a system of courts, and to establish such a relation between them. The purpose to do so is manifest from various provisions of the act. By section 10 it was declared that all rights of action, suits at law and in equity, and other proceedings then pending in the courts of the republic of Hawaii should be carried on to final execution and judgment in the corresponding courts of the territory of Hawaii. Conceding that cases in admiralty are a class of cases separate and distinct from all others, and that the constitution extends the judicial power of the United States over three distinct classes of controversies, one of which is "all cases of admiralty and maritime jurisdiction," and that it is true, as stated in the language of Chief Justice Marshall in American Insurance Co. v. 356 Bales of Cotton, 1 Pet. 545, 7 L. Ed. 242, that the constitution contemplates these as three distinct classes of cases, and "the grant of jurisdiction over one of them does not confer jurisdiction over either of the other two," still we think it is clear, from the language of section 10, that congress intended to make a general provision in regard to all classes of suits and actions, of whatsoever nature, then pending in the courts of the republic of Hawaii, and to exclude none whatever. The words "and other proceedings" are sufficiently comprehensive, when used in connection with the language which precedes them, to include admiralty suits. The present suit was a case pending in the courts of the republic of Hawaii both at the date when the act was approved and when the act went into effect. It proceeded in those courts to a final judgment of the supreme court of the territory. In section 86 we have the clearly-expressed purpose of congress to provide that the laws of the United States relating to appeals, writs of error, removal of causes, and other proceedings, as between courts of the United States and the courts of the several states, shall govern in like matters and proceedings as between the federal court and the territorial courts of the territory of Hawaii. This can only be construed to mean that final decisions of the supreme court of the territory of Hawaii may be reviewed in a court of the United States only in such cases and upon such conditions as the decisions of the supreme court of a state might be thus reviewed, or, in other words, that no appeal shall lie to any United States circuit court of appeals from the final judgment of the supreme court of the territory of Hawaii, and that the only appeal from such territorial court shall be to the supreme court of the United States, and only in such cases as are appealable to that court from the supreme court of a state. The right of appeal is statutory. If it exists in the present case, it must be found in the letter of the law. We are asked to apply to the statute certain rules of construction, but the language employed is not involved or ambiguous. Its meaning is evident upon the first reading. We must be guided by its plain import. We find therein nothing to authorize the appeal which is here attempted to be taken. If congress had established in the territory of Hawaii

a system of territorial courts only, an appeal from the decision of the highest court of the territory would, of course, be reviewable in the United States circuit court of appeals, under the provisions of the act creating the latter court. But in this instance congress has created two systems of courts,—one a district court for the jurisdiction of federal causes, the other for the trial of all other cases. It has provided specially for appeal to this court from the decisions of the district court. It has made no such provision for appeal from the final decision of the territorial court, but has enacted a general statute, the intention of which and the purport of which was to place the supreme court of the territory upon the basis of the supreme courts of the states in all matters which concern their relation to the courts of the United States. The system of courts created by the act for the territory of Hawaii differs radically from the system of courts which congress had theretofore created for any of the territories. In no other territory has there been a division of jurisdiction between cases which properly belong to courts of the United States and other cases. Congress found in the republic of Hawaii a system of courts already established, whose jurisdiction was complete, and from the highest tribunal of which there was no appeal. To that system congress, by the act, added a district court, conferring upon it the jurisdiction which pertains to the district and circuit courts of the United States, and providing for removing to that court from the territorial courts causes which under the removal acts were removable from a state court to a court of the United States. The fact that the present case is a suit in admiralty, and as such would have been within the jurisdiction of the district court created by the act, if it had been commenced after the date when the act went into effect, cannot affect the question which is before us. The case is purely one of the construction of the terms of the act. We might have disposed of the application to allow the appeal by referring to the fact that the supreme court has not assigned to this court appeals from the territory of Hawaii, but we have preferred to meet the question upon the broader ground above indicated. The motion for the allowance of the appeal must be denied.