ISIDOR RUBENSTEIN, doing business as I. RUBEN-
STEIN & CO., *v.* H. HACKFELD & CO., LTD.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 23, 1906.    DECIDED NOVEMBER 26, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

TERRITORIAL SUPREME COURT—*need not follow federal supreme court,
when.*

> The supreme court of this Territory may now, notwithstanding
> the amendment of March 3, 1905, which permits appeals from
> this court to the federal supreme court in cases involving more
> than $5000, follow decisions previously rendered by this court,
> although contrary to decisions of that court, on other than federal
> questions.

OPINION OF THE COURT BY FREAR, C.J.

The only question presented on this appeal is whether counsel fees may be allowed as damages under an injunction bond conditioned for the payment of "all costs, charges and damages sustained," etc.    The circuit judge allowed $500 upon the admission of plaintiff's counsel that the defendant had paid its counsel that amount solely for services in procuring the dissolution of the injunction and that that amount was reasonable for such services.    The plaintiff appealed.

The plaintiff concedes that by the weight of authority counsel fees may be allowed in such a case; that this court also held that way in *See Yick Wai Co. v. Ah Soong,* 13 Haw. 378, 384; that at the date of that decision, April 26, 1901, and at the date of the execution of the bond now in question, September 19, 1904, and of the dissolution of the injunction, October 18, 1904, this court was free to decide that way notwithstanding

the contrary decision by the federal supreme court in *Oelrichs v. Spain,* 15 Wall. 211, for the reason that at those times cases could not be taken on appeal or error from this court to that court for the review of other than federal questions and that the status of this court was the same as that of a state supreme court in this respect. See *Equitable Life Assurance Society v. Brown,* 187 U. S. 308; *Ex Parte Wilder's S. Co.,* 183 U. S. 545; *Wilder's S. Co. v. Hind,* 108 Fed. 113; *Hind v. Wilder's S. Co.,* 13 Haw. 174. But it is contended that the subsequent act of March 3, 1905, (33 Sts. at L. 1035) amending the organic act of this Territory so as to permit writs of error and appeals to be taken from this court to the federal supreme court in all cases where the amount involved, exclusive of costs, exceeds the sum or value of $5000, makes the status of this court the same as that of the supreme courts of other territories in this respect and requires us to follow the decisions of the federal supreme court upon this point. See *Richards v. Green,* 32 Pac. (Ariz.) 266; *Frantz v. Saylor,* 12 Okl. 39.

The defendant contends that the bond, regarded as a contract, should be construed as made by the parties with reference to the state of the law as it then existed under the former decision of this court (see *Fidelity Co. v. Bucki Co.,* 189 U. S. 135), even if a bond executed since the amendment above referred to should be construed differently; also that the amendment did not have, and was not intended to have, the effect of repealing the law as previously decided in this Territory and that this court is therefore at liberty now to follow the former decision in any case whether the bond was executed before or after the amendment. The case may be disposed of on the latter contention. The mere fact that the amount involved in the present case is under $5000 is of course immaterial; we would be bound to follow the decisions of the federal supreme court in such a case quite as much as in a similar case involving more than $5000. But in our opinion the amendment did not have the effect of altering the law as previously established by judicial decisions any more than as established by statute or

usage; nor did it have the effect of reversing the law as established by decisions properly made after the establishment of Territorial government but before the amendment any more than it had the effect of reversing decisions made previously, or any more than an amendment if made to the federal constitution permitting appeals upon other than federal questions from the state supreme courts to the federal supreme court would have the effect of requiring those courts to hold differently thereafter from what they had held previously contrary to decisions of the federal supreme court.

The appellant has brought up only so much of the record as is necessary to enable us to consider the decree appealed from with reference to the single question of law already discussed, but enough appears in the record and from statements of counsel at the argument to suggest the propriety of expressing a word of caution as to the allowance of fees in cases of this kind. The fees allowable are of course not those for the entire case but only those reasonably incurred in procuring a dissolution of the temporary injunction. Since they are confined to fees reasonably incurred they do not necessarily include all fees actually paid or liable to be paid for procuring the dissolution of the injunction, for that may be more than a reasonable amount; nor do they necessarily include any fees paid for that purpose, for there might be circumstances under which it might not be reasonable to incur extra expense for the special purpose of procuring a dissolution of the injunction. The court, too, should take the responsibility of determining for itself from the facts not only whether any fee should be allowed under the circumstances but also how much, if anything, should be allowed, and not be too ready to accept admissions of counsel upon these points.

The decree appealed from is affirmed.

*A. S. Humphreys (J. J. Dunne* and *R. W. Breckons* on the brief) for plaintiff.

*C. F. Clemons (Thompson & Clemons* and *W. A. Kinney* on the brief) for defendant.