# H. G. MIDDLEDITCH, TRUSTEE IN BANKRUPTCY OF CHARLES F. HERRICK CARRIAGE CO., LTD., v. JONAH KALANIANAOLE AND KAPIOLANI ESTATE, LTD.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MARCH 4, 1907.          DECIDED MARCH 11, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

CREDITORS' BILL—*prerequisites, judgment at law, execution unsatisfied.*

It seems that a judgment at law and return of execution unsatisfied should ordinarily be shown in order to sustain a creditors' bill under our statute as well as under the general rules of equity although not under the Massachusetts statute from which ours was taken, but, if not, it is necessary to show at least that the defendant has not property within the Territory liable to execution out of which the debt may be satisfied.

DAMAGES—*injunction bond, counsel fees.*

Counsel fees unreasonably incurred to obtain a dissolution of an injunction should not be allowed as damages under the injunction bond.

OPINION OF THE COURT BY FREAR, C.J.

This is a bill in equity by the trustee in bankruptcy of a corporation to enforce the payment of a note given to that corporation by the defendant Kalanianaole on September 8, 1902, for $518 payable six months thereafter with interest at 7 per cent. and to meanwhile have held and ultimately applied to the payment of such decree as might be obtained on the note certain shares of stock held by the said defendant in the defendant corporation, the Kapiolani Estate, Ltd. The circuit judge held that equity was without jurisdiction and dismissed the bill. The plaintiff appealed.

It is not alleged that judgment at law has been obtained on the note or that execution has been issued and returned unsatisfied. It is sought to obtain a decree directly in equity upon the note and then to have applied towards its payment the stock in question. It ·is conceded that this cannot be done under the general rules of equity relating to creditors' bills, but it is contended that it may be done as a special statutory right under the equity act of 1878 (Ch. 15), now embodied in the Revised Laws (Ch. 121), which was taken from the Massachusetts statutes (Mass. Gen'l. Sts., c. 113.) It is further contended that the statute must be thus construed here because it was so construed in the state of its origin, as shown by *Lord v. Harte,* 118 Mass. 271, and the earlier cases there cited,—under the rule that when a statute is adopted from another jurisdiction the construction placed upon it by the courts of that jurisdiction prior to such adoption should also be adopted.

The statute (R. L., Sec. 1834) confers upon circuit judges equity jurisdiction in all cases therein mentioned "when the parties have not a plain, adequate and complete remedy at the common law," and mentions among other classes of cases "bills by creditors to reach and apply in payment of a debt, any property, right, title or interest, legal or equitable of a debtor, within this Territory, which cannot be come at to be attached or taken on execution in a suit at law, against such debtor." Although corporation stock may now "be come at to be attached" in an action at law (L., 1905, Act 84, Sec. 9, Subd. 3), neither it nor any other property can be reached by attachment except under certain conditions which must be alleged under oath (Id., Sec. 3), which apparently cannot be done in the present case. The question then presents itself whether judgment at law and return of execution unsatisfied are prerequisites to the bringing of a creditors' bill under this statute as it is in equity in the absence of statute.

The first departure in Massachusetts from the application of the ordinary equity principles relating to creditors' bills in the construction of this statute was made (in *Silloway v. Colum-*

*bia Ins. Co.,* 8 Gray 199) at a time when this particular pro-
vision of the statute as originally enacted there (St. of 1851,
c. 206) differed to some extent from the form in which it
appeared when it was adopted in Hawaii, but perhaps that is
unimportant.  This court, however, has taken a very different
view of the statute as a whole, ever since its adoption, from the
view taken of it by the supreme judicial court of Massachusetts.
There the statute is regarded as a grant of additional powers of
an equitable nature to courts of law and was construed without
much regard to the rules of general equity jurisdiction estab-
lished in English practice.  Here, on the other hand, it has been
treated merely as declaratory, as far as it goes, of the jurisdic-
tion already possessed by judges sitting in chambers as distinct
courts of equity, who in that capacity previously possessed full
equity jurisdiction as established in English practice.  See
*Hawaiian Com. & Sug. Co. v. Waikapu Sug. Co.,* 8 Haw. 449;
*Dole v. Gear,* 14 Haw. 554, 560.  In the earlier of these cases,
for instance, the court said:  "The statute of 1878 has not
enlarged the equity jurisdiction of the justices of the supreme
court.  They had full equity powers conferred upon them by
section 847.  The statute of 1878 makes clear many subjects
of equity jurisdiction which, without the statute, might be
disputed."  Again, the plaintiff concedes that the defendant is
entitled to a jury trial of the claim upon the note, but contends
that a jury trial may be had in equity and that in a case like
the present, in which the claim is legal, the verdict of the jury
may properly be regarded as binding upon the judge and not
merely advisory as in other cases.  But, while a jury trial might
be had in a case of this kind in Massachusetts in the law courts
to which the statute granted additional powers of an equitable
nature, it could not be had before our circuit judges sitting in
equity.  It would be contrary to all precedent as well as the
express and implied provisions of our statutes relating to circuit
judges at chambers.  As stated in the case just quoted from,
"the jurisdiction in equity thus conferred is of necessity 'in
chambers.'  There is no jury impaneled to try the issues of

fact." In *Byrne v. Allen,* 10 Haw. 668, 670, the court, after saying that the bill was a creditors'·bill provided for under the act of 1878, and that jurisdiction of such bills previously existed under general equity powers, continued: "Now, in a creditor's bill the debt must be established by some judicial proceeding, and it must be generally shown that legal means for its collection have been exhausted,"—although, as was also stated, these requisites were alleged in the bill and so the statement was not necessary to the decision. Thus, there is at least much reason, based on Hawaiian decisions, statutes, practice and conditions, for declining to follow the construction placed by the Massachusetts court upon this provision of the statute. There is, however, another reason why this bill cannot be maintained and that without departing from the Massachusetts construction.

It is not alleged that the defendant has no other property within the Territory subject to execution out of which the debt may be collected. The circuit judge authorized an amendment of this nature to be made provided the bill should be resworn by the plaintiff, but apparently the latter was unwilling to swear to such an allegation. The statute expressly provides that jurisdiction in equity shall attach in the enumerated classes of cases only "when the parties have not a plain, adequate and complete remedy at the common law." The reason why an ordinary creditors' bill does not lie until judgment has been obtained at law and execution returned unsatisfied is not solely that the legal rights may be determined in the appropriate tribunal, that is, in a court of common law, but also that there may be proper proof that the defendant has no property which can be reached by execution at law. Therefore, even if he could bring the bill without first obtaining judgment at law and without special proof by return of execution unsatisfied to show a want of property which could be reached, still he is not excused from showing such want of property in some way and must do so in order to show that he has not an adequate, plain and complete remedy at law. There is nothing in the Massa-

chusetts cases excusing him from this requirement. On the contrary it seems to have been taken for granted there that the plaintiff must show in some way in his bill that there is not other property which may be reached by attachment or execution out of which the claim may be satisfied. For instance, in the earliest case, already cited, it was alleged that an action at law had been commenced with a writ of attachment and that the officer had made a return that after diligent search he could find no property that was attachable, and that the plaintiff also had made unsuccessful diligent inquiries and search for such property. In the next case, that of *Sanger v. Bancroft,* 12 Gray 365, the court stated the holding in the earlier case to be that "where a foreign corporation was a debtor to a creditor residing in this commonwealth, and had no property in this commonwealth which could be attached," other property might be reached by the proceeding in equity. And in *Barry v. Abbot,* 100 Mass. 396, it was alleged that the defendant "had no property in this commonwealth, or elsewhere, liable to be attached or sold on execution at law."

Another question presented by the appeal is whether counsel fees to the amount of $100 incurred in obtaining the dissolution of a temporary injunction, which was issued against the transfer of the stock, was properly allowed as damages under the injunction bond. Separate motions were made by the two defendants to dissolve the injunction two days after the suit was begun and notice was given that the motion would be presented three days later or as soon thereafter as a hearing could be had. The motions were heard and granted and the counsel fees allowed as damages two days later. On the next day a demurrer to the bill was filed, which was heard and sustained the day following, resulting in the dismissal of the bill. Apparently the intention was to allow $50 as counsel fees on each motion, but there was no reason why the defendant Kapiolani Estate, Ltd., should move to dissolve the injunction. It was of no consequence to it whether the injunction should be dissolved or not. It was the other defendant alone that was interested in that question.

Whether $50 should be allowed as counsel fees to him is perhaps not so clear. In the matter of the allowance of fees as damages under injunction bonds great caution should be exercised, and it is not always that any fees, much less all the fees, actually paid should be allowed. See *Rubinstein v. Hackfeld & Co.,* ante, 126. As stated in that case, the circumstances might be such that it might not be reasonable to incur extra expense for the special purpose of procuring a dissolution of the injunction. If the dissolution of the injunction is merely incidental to the disposition of the case on its merits ordinarily no fee would be allowed, because it would not be incurred by reason of the injunction, although under some circumstances if the injunction were the sole object of the suit a fee might be allowed. On the other hand, under some circumstances, if the hearing on the motion is continued until the hearing on the main case as a matter of convenience, because the motion involves the merits, a fee might be allowed. In the present case the injunction was merely incidental to the main case, which might have proceeded whether the injunction was dissolved or not. The motion to dissolve, it is true, was based on grounds which raised the same question as the demurrer, namely, whether the bill was sustainable on its face, although it did not involve the question whether the plaintiff's claim as set forth in the bill was well founded. Both the motion and the demurrer raised merely the question whether equity had jurisdiction. One of the reasons why counsel fees are allowed under injunction bonds is that the party enjoined, if he is being damaged or may reasonably be expected to be damaged by reason of the injunction, should seasonably move to dissolve the injunction and thus avoid unnecessary damage from the injunction by incurring the lesser damage from the employment of counsel to procure a dissolution of the injunction. In this case it does not appear that either of the defendants was suffering any damage or was likely to suffer any damage by reason of the injunction and the entire case could have been disposed of favorably to them upon the demurrer as well as upon the motion and just as soon. Rulings

in matters of this kind should be avoided which might operate as inducements to parties and their counsel to take steps for the mere purpose of obtaining fees for themselves or mulcting opposite parties.

The decree appealed from its affirmed as to the dismissal of the bill with costs and reversed as to the allowance of counsel fees as damages under the injunction bond.

*A. S. Humphreys* for plaintiff.
*C. W. Ashford* for defendants.