Young Chun v. Robinson, 21 Haw. 193.

# YOUNG CHUN, DOING BUSINESS AS YE LIBERTY THEATRE, *v.* BLONDIE ROBINSON.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JULY 15, 1912.                    DECIDED JULY 19, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EQUITY—*injunction bond—counsel fees—costs.*

Counsel fees, as well as costs and other charges or damages, paid or sustained to obtain a dissolution of a restraining order are damages directly and proximately resulting from the issuance of the injunction are recoverable; and such damages may be assessed and awarded in equity, it being within the sound discretion of the circuit judge as to whether or not in each particular case he will himself dispose of the matter or leave the parties to an action at law.

ID.—*bond, form and substance of.*

There is no specific statutory provision relating to injunction bonds. The form and substance of the bond to be filed must necessarily be such as the well established principles of equity require, the determination of which, as well as the application, are matters resting in the sound judicial discretion of the circuit judge.

OPINION OF THE COURT BY DE BOLT, J.

The complainant having filed his bill in equity praying that the respondent be restrained from performing as a comedian in any theater in the City and County of Honolulu, other than "Ye Liberty Theatre," and a writ of temporary injunction having issued restraining the respondent as prayed for, and the complainant having duly executed and filed a bond of indemnity in the penal sum of one thousand dollars whereby he undertook "to fully indemnify" the respondent "for all costs and damages which" the respondent "may be required to pay or sustain, not exceeding the penalty of his bond, if it should be finally adjudged that said temporary injunction was wrongfully, oppressively and maliciously sued out," and the injunction, on appeal to this court (ante 70), having been dissolved and the cause remanded to the circuit judge, the respondent thereupon filed and present-

ed his motion for assessment and award, under the bond, of costs as follows: Attorneys' fees, $250; costs, $38.20; actual damages, $120; punitive damages, $591.80—making a total of $1000.

At the argument on the motion to allow attorneys' fees, costs and damages, the respondent waived his claim to actual and punitive damages, and only asked for attorneys' fees and costs. The circuit judge in his decision upon the matter thus before him said:

"In my opinion the words in the bond" (obviously referring to the words, "wrongfully, oppressively and maliciously") "are synonymous and are not to be taken in the disjunctive.

"I fear that I have no power, and should not attempt to exercise a discretion; it seems to me entirely a matter of law and for a law court, and I am therefore under the necessity of refusing to consider the motion to allow attorneys' fees, costs and damages in this case."

The respondent appeals from that decision, his contention being that the circuit judge, although having power to consider the motion and award counsel fees and costs he declined to proceed or exercise any power in the matter.

The complainant contends, however, that the circuit judge in his decision, as quoted, denied the respondent's motion, thereby disallowing the attorneys' fees and costs, which, as he claims, was an exercise of judicial discretion in the matter and from which ruling no appeal lies.

As we read the decision of the circuit judge, he did not rule upon the motion, but refused to consider it on the ground that he had "no power and should not attempt to exercise a discretion" in the matter. He said, "it seems to me entirely a matter of law and for a law court, and I am therefore under the necessity of refusing to consider" the motion. It is clear that he did not attempt to exercise any power in the matter before him; and it is equally clear that he refused to attempt the exercise of any power therein on the ground that he did not possess it. The ruling of the circuit judge that he was without power

to consider the motion and for that reason refused to consider it, was clearly erroneous. That he had the power to consider the matter, if he chose to exercise it, is beyond question.

It is the established rule in this jurisdiction that counsel fees, as well as costs and other charges or damages, paid or sustained to obtain the dissolution of a restraining order are damages directly and proximately resulting from the issuance of an injunction under circumstances like those in the case at bar and are recoverable. Such damages may be assessed and awarded in equity, it being within the sound discretion of the circuit judge as to whether or not in each particular case he will himself dispose of the matter or leave the parties to an action at law. *See Yick Wai Co.* v. *Ah Soong,* 13 Haw. 378, 384; *Rubenstein* v. *Hackfeld & Co.,* 18 Haw. 126; *Middleditch* v. *Kalanianaole,* 18 Haw. 272, 277.

As to the form of the bond the respondent contends that the words contained therein, namely, "if it should be finally adjudged that said temporary injunction was wrongfully, oppressively and maliciously sued out," are surplusage. He argues that section 1716, R. L., applies, and that this statute only requires, as a condition precedent to the issuance of an injunction, that a bond shall be filed "conditioned for the reimbursement to the defendant of all costs, charges and damages sustained by him in consequence of the suit, in case the plaintiff fail to sustain his action," and that this condition which should have been incorporated is included in the bond by contemplation of law, while that which is not required by the statute is excluded as surplusage. The statute referred to relates only to cases "in which process of constraint to the property of a defendant is prayed for," and, obviously, has no application whatever to cases like the one now before us. Indeed, there is no specific statutory provision relating to bonds such as the one now under consideration. The form and substance of the bond to be filed must necessarily be such as the well established principles of equity require, the determination of which, as well as the application,

are matters resting in the sound judicial discretion of the circuit judge.

The respondent also contends that the words, "wrongfully, oppressively and maliciously," contained in the bond, are not synonymous and are to be read disjunctively. We do not deem it necessary to say at this time whether these words are synonymous or not, but in our opinion they are not to be read disjunctively. We must take the bond as we find it. The respondent had an opportunity to object to it after it was filed and having failed to do so he is now bound by its terms and conditions. There is nothing in the language of the bond to indicate that the word "and" was used in the sense of "or."

The decision appealed from is reversed on the ground that the circuit judge held that he was without power to proceed in the matter, and the case is, therefore, remanded to the circuit judge for further proceedings not inconsistent with this opinion.

*W. B. Lymer (Thompson, Wilder, Watson & Lymer* on the brief) for complainant.

*N. W. Aluli (J. A. Magoon* with him on the brief) for respondent.