WONG KWAI TONG AND LAU SING, COPARTNERS DOING BUSINESS AS SANG LIN KEE, v. FONG KOON CHAN.

No. 1539.

RESERVED QUESTION FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. R. J. O'BRIEN, JUDGE.

ARGUED MAY 13, 1924.                    DECIDED MAY 22, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

LANDLORD AND TENANT—*equity*—*relief against forfeiture.*

   In the absence of fraud, accident, mistake or surprise, equity will not relieve against the forfeiture of a lease for breach of covenant to repair buildings.

OPINION OF THE COURT BY LINDSAY, J.

Petitioners filed their bill for relief against the forfeiture of a lease, from which it appears that on January 2, 1911, the respondent demised to petitioners certain parcels of land in Honolulu for a term of fifteen years at an annual rental of $300, the lessees covenanting (among other things) to "keep all buildings and improvements which are now or shall hereafter be erected and built on the lands and premises hereby demised and during the term of this lease in good repair and condition;" that the lessees would erect a building or buildings upon the demised premises at a cost of between $2500 and $3000; and, at the end of the term, deliver up to the lessor the demised premises with all buildings and improvements thereon in such repair as aforesaid and in good tenantable order and condition.

After the execution of the lease the lessees expended $6500 in the repair of existing buildings on the premises and in the construction of nine new cottages. All of the

buildings are underlet by the lessees, and the lessees do not reside on the premises. The lessees have annually and from time to time examined the buildings and made all the repairs necessary to place them in good condition and repair, expending for that purpose more than $2100. The lessees have also paid out more than $4400 for taxes, insurance and water and sewer rates.

Since the date upon which repairs were made in the year 1923, "one of the buildings thereon, which was sublet to a sub-lessee under a covenant and promise by the said sub-lessee that he keep the same in good condition and repair, came into a state of disrepair and petitioners frequently requested the said sub-lessee during the past months to repair the said structure and fences surrounding the same, which the said sub-lessee agreed and promised to do and petitioners relying upon the promises of the said sub-lessee assumed that he would soon attend thereto, and hence did not themselves repair the same." While such condition of disrepair continued, and before any attempt to make repairs was made by the lessees, the lessor, without previous warning or demand upon the lessees, served notice upon the lessees that the lease had been forfeited because of breach of the covenant to repair. The lessor then filed an action for summary possession before the district magistrate. While said action was pending the lessees "in every regard thoroughly repaired the said structure aforesaid, as well as all other buildings upon the premises which may have required any repairs and the said buildings upon the premises are now 'in good repair and condition.' "

The bill concludes with a prayer for relief against the enforcement of the proposed forfeiture. The respondent demurred on the grounds (1) that the petition does not set forth such a cause as entitles petitioners to the relief prayed for or any relief in equity; (2) that the covenant

to repair referred to is a covenant, forfeiture for the breach whereof will not be relieved against in equity; and (3) that petitioners have a plain, speedy and adequate remedy at law. The circuit judge has reserved for our consideration but one question, namely: "Should the demurrer to the petition be sustained?"

It being admitted in the petition that a breach of the covenant to repair has occurred, the sole question is whether the facts pleaded present a case upon which a court of equity is authorized, according to the settled principles of its jurisprudence, to interpose.

This court has, in *Henrique* v. *Paris,* 10 Haw. 408, stated what we conceive to be the general rule as to when and under what set of circumstances courts of equity will relieve against forfeitures of leases, the court per Frear, J., at page 411 saying, "Courts of equity regard the performance of covenants in leases as the real object desired, and the right of entry as mere security for such performance, and so they do not always hold parties strictly to their legal rights, but often relieve against a forfeiture, especially if full and exact compensation can be made to the injured party. Accordingly, in case of a breach of a covenant to pay rent, relief is generally granted against a forfeiture, because payment of the rent with interest thereon is deemed full and exact compensation. But in the case of other covenants, as to repair, insure, clear off lantana, &c., relief will not generally, except in cases of fraud, mistake, accident or surprise, be granted, because the exact compensation cannot be ascertained. And even in cases where exact compensation can be made, relief will not be granted if the breach is due to gross negligence or is persistent and wilful on the part of the lessee. See *Garrett* v. *Macfarlane,* 6 Haw. 435; 1 Pom. Eq. Jur., Secs. 452-454; Taylor, Ld. & Ten., Sec. 496."

And in *Ching Tam Shee* v. *Hall,* 19 Haw. 190, this

court, citing with approval *Henrique* v. *Paris,* refused, in the absence of fraud, accident, mistake or surprise, to grant relief against forfeiture of a lease for breach of a covenant to repair.

The facts pleaded in the instant case show no elements of fraud, mistake, accident or surprise upon which a court of equity would be warranted to grant the relief prayed for.  According to the petition, the lessees for some months prior to the attempted forfeiture had, in plain violation of their covenant, permitted a portion of the demised premises to remain in a state of disrepair, and their conduct in this respect must therefore be assumed to have been wilful.  The fact, if it be a fact, that, since the lessor declared a forfeiture, the lessees have repaired the buildings on the demised premises, does not in our opinion warrant the court's decreeing relief against forfeiture, for the court cannot say as a matter of law that the repairs alleged to have been made constitute or are equivalent to exact compensation to the lessor for the loss suffered by him by reason of the breach of covenant complained of.  It is doubtful whether the petitioner may be able, by amended petition, to set up facts upon which a court of equity would be authorized to relieve against forfeiture but under the facts herein no such case is presented, and in our opinion the demurrer should be sustained with leave to amend.

We therefore answer the question reserved in the affirmative.

*F. Schnack* (also on the brief) for petitioners.

*Marguerite K. Ashford* (*Thompson, Cathcart & Beebe* with her on the briefs) for respondent.