## WONG KWAI TONG AND LAU SING, COPARTNERS DOING BUSINESS AS SANG LIN KEE, *v.* FONG KOON CHAN.

### No. 1574.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

ARGUED JANUARY 30, 1925. DECIDED MAY 14, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

INJUNCTION—*temporary injunction bond—damages.*

> *Held* under the facts of this case that no services had been rendered by the attorneys for the respondent in procuring a dissolution of a temporary injunction and hence attorneys' fees were not assessable as damages under the temporary injunction bond.

OPINION OF THE COURT BY PETERS, C. J.

This is an appeal from the order of a circuit judge in equity summarily awarding an attorneys' fee as damages resulting from the improper issuance of a temporary injunction. A bond had been given upon the issuance of the injunction conditional upon the obligors' reimbursing the respondent for all damages sustained by the latter by reason of the issuance of the injunction in the event of the petitioners' failure to sustain the same. The appellants assign as error (1) that the motion for the assessment of damages was insufficient to justify an award and (2) that the respondent was not entitled to an award of an attorneys' fee under the bond.

Assuming but not deciding that the motion for the assessment of damages was sufficient in form we are of the opinion that this is not a case in which an attorneys' fee should have been allowed as damages under the injunction bond. The suit in which the temporary restraining

order was issued was one for relief in equity from a forfeiture by a lessor of a lease for a term of years and prayed that a temporary injunction issue directed to the respondent, etc., enjoining him until the further order of the court from attempting to enforce such forfeiture or disturbing the petitioners' and their tenants' peaceful possession of the premises subject to the lease. Suit was filed on March 6, 1924. On the same day the respondent appeared and demurred to the bill of complaint on the following grounds: (1) Failure to state a cause of action entitling petitioners to the relief prayed or any relief; (2) that the ground of forfeiture was not one relievable against in equity and (3) that the petitioners had a plain, speedy and adequate remedy at law. On March 18, 1924, a temporary injunction was issued directed to the respondent commanding and directing him to desist until the further order of the court from enforcing the alleged forfeiture and/or continuing an action in summary possession theretofore instituted by him and then pending before the magistrate of the district of Honolulu and from interfering with the possession of the petitioners and their tenants of the premises subject to the lease. The temporary injunction bond heretofore referred to was filed upon the issuance of the temporary injunction. On March 27 following a motion was filed by the respondent to set aside the temporary injunction upon the following grounds: (1) That the injunction was issued *ex parte* although the cause was at issue upon demurrer and the respondent was before the court; (2) that the injunction was issued *ex parte* although there was no showing that irreparable injury would result in the event respondent were called into court to be heard upon the issuance of the same; (3) that the injunction did not issue in the name of the Territory; (4) that the injunction was issued *ex parte* although petitioners had notice of more than a week of

the stay of the proceedings in the case and in the summary possession proceedings and they had ample time in which to serve respondent and enable him to be heard; (5) that the injunction bond was inadequate; (6) that the bond was improper in that it only had one surety; (7) that the action of summary possession had been partially tried; that the petitioners had put in a part of their defense which by their bill they claimed was unavailable to them in the summary possession proceedings; (8) that the petitioners declared through their attorney upon the oath of their attorney after discussing the facts with petitioners that there had never been a breach of the covenants of the lease and such defense would be fully available to the petitioners in the proceeding at law and (9) that the petition upon which the injunction issued did not state a cause of action. The motion was based upon the record and affidavits attached thereto as well as certain affidavits theretofore filed. On March 29, 1924, the demurrer having come on regularly for hearing the court after argument reserved the same under the statute for the consideration of this court. Upon such reservation this court on May 22, 1924, by its opinion held that the covenant for the breach of which forfeiture had been declared was not one relievable against in equity. (*W. Kwai Tong* v. *F. Koon Chan,* 27 Haw. 812.) After remand and on May 26, 1924, the respondent moved the trial court that the demurrer be sustained and the temporary injunction theretofore issued be dismissed. This motion was granted and an order entered accordingly. Thereafter the respondent moved the trial court that it assess the amount of damages suffered by him by reason of the wrongful issuance of the injunction. The court upon hearing had, on to wit, June 18, 1924, found that the damages suffered by respondent in consequence of the injunction were the sum of $250, that sum being the

reasonable value of the legal services rendered by respondent's attorneys and entered its decree ordering that the respondent have and recover the same from the petitioners. It was from this decree that the appeal was taken.

The assessment of damages was under the temporary injunction bond. The bond is conditional upon the failure of the petitioners to sustain the injunction. Any damages that may be assessed under said bond therefore must be confined to compensation for the losses sustained by the respondent which were the direct and proximate result of the wrong committed while the restraining order was alive and operative. (*See Yick Wai Co.* v. *Ah Soong,* 13 Haw. 378; *Albers Co.* v. *Spencer,* 236 Mo. 608, 139 S. W. 321.) With any damage that the respondent may have suffered as a result of the filing of the suit itself we are not concerned. Counsel fees incurred by the respondent in defending the suit are not assessable under the bond. (*Rubenstein* v. *Hackfeld & Co.,* 18 Haw. 126.) It does not appear that any services were rendered by the attorneys for the respondent to obtain a dissolution of the temporary injunction. On the contrary it clearly appears that all the services rendered by the attorneys were in connection with the defense to the suit itself and independent of the temporary injunction. The issues upon which this court rendered its opinion were raised by the demurrer. All the services rendered by the attorneys for the respondent both in the trial court and in this court were in connection with the demurrer. The temporary restraining order was issued twelve days after the demurrer was filed. The motion to set aside the temporary restraining order for the nine reasons assigned as grounds thereof contains but one ground in common with the demurrer. The motion was never moved on for hearing and the temporary injunction was finally disposed of not upon the original motion to set aside the temporary injunction

but upon motion made after remand combining both a motion to sustain the demurrer and a motion to dismiss the temporary injunction. Under the circumstances the allowance of an attorneys' fee was error.

The decree appealed from is reversed and the cause remanded with instructions to the trial court to enter a decree consistent with this opinion.

*F. Schnack* (also on the briefs) for petitioners.

*Marguerite K. Ashford* (*Thompson, Cathcart & Beebe* with her on the brief) for respondent.