## LAU YIN, ET AL., *v.* PANG LUM MOW, ET AL.

### No. 1577.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. F. ANDRADE, JUDGE.

SUBMITTED MAY 18, 1925.          DECIDED JUNE 16, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CORPORATIONS—*officers—remedies to determine validity of election— in equity.*

While a court of equity may try the title to office in a private corporation, where such inquiry arises collaterally in a case within its cognizance it will not entertain jurisdiction over corporate elections for the purpose of determining questions pertaining to the right or title to office since such questions are properly cognizable only in courts of law, the appropriate remedy being by proceedings at law in the nature of quo warranto.

PLEADINGS—*amendment.*

Where a bill discloses equities which might by appropriate amendment make out a case of equitable cognizance it is reversible error for a court to deny leave to amend and summarily dismiss the bill.

TERRITORIAL SUPREME COURT—*need not follow Federal Supreme Court, when.*

Where this court prior to the allowance of appeals from it to a federal court upon other than federal questions adopted a rule permitting the summary assessment of damages under preliminary injunction bonds, contrary to the federal rule sustained by decisions of the United States Supreme Court, this court, notwithstanding such contrary decisions, is entitled to follow the rule previously adopted by it.

OPINION OF THE COURT BY PETERS, C. J.

This is a suit in equity for an injunction and an accounting. Upon filing the bill the court below issued a preliminary injunction. To indemnify the respondents against any damages that might be occasioned them by reason of the injunction, if improperly issued, the complainants gave an injunction bond in the usual form. Upon motion of the respondents the preliminary injunction was dissolved and the court *sua sponte* dismissed the bill, assigning as reasons for its action in both instances that the suit was one in which title to office in a private corporation was involved and hence the court in equity was without jurisdiction of the subject-matter. Prior to decree the complainants moved the court to reverse the order of dismissal and prayed leave to amend their bill. The motion was denied. Thereafter upon motion of the respondents therefor the court summarily assessed their damages under the injunction bond at $350. A final decree was entered accordingly. Complainants appealed assigning the several rulings of the court as errors.

It is apparent from the allegations of the bill that its primary purpose is the judicial determination of a

controversy between two rival sets of officers of an incorporated benevolent society, each set claiming to be the duly elected officers and consequently entitled to exercise the functions of their respective offices and to conduct the affairs of the corporation. Clearly an action to try title to office. While a court of equity may try the title to office in a private corporation, where such inquiry arises collaterally in a case within its cognizance it will not entertain jurisdiction over corporate elections for the purpose of determining questions pertaining to the right or title to office since such questions are properly cognizable only in courts of law, the appropriate remedy being by proceedings at law in the nature of a *quo warranto.* (*Kean* v. *Union Water Co.,* 31 Atl. (N. J.) 282, 284; *Supreme Lodge, Order of the Golden Chain* v. *Simering,* 40 Atl. (Md.) 723, 725; *Barna* v. *Kirczow,* 63 Atl. (N. J.) 611, 614; *Grant* v. *Elder,* 170 Pac. (Colo.) 198, 201; *Hartt* v. *Harvey,* 32 Barb. (N. Y.) 55, 65; *Elliott* v. *Sibley,* 13 So. (Ala.) 500, 501.) R. L. 1925, c. 156, *ss.* 2716 et seq. provide such a remedy. It is plain, adequate and complete. Under the circumstances the preliminary injunction was properly dissolved.

The bill, however, discloses equities which might upon appropriate amendment make it a case of equitable cognizance and prove sufficient to retain the bill. Were the obstacles of the jurisdiction of the equity side of the court removed by amendment sufficient facts are alleged which might entitle the complainants to an accounting. We cannot say that the bill cannot be retained however amended. Under the circumstances the complainants should have been allowed an opportunity to amend their bill. To refuse them leave so to do and to summarily dismiss the bill was reversible error.

Appellants' sole objection to the allowance to the respondents of damages upon the dissolution of the pre-

liminary injunction is its legality. The reasonableness of the amount is not disputed. This court has uniformly held that damages directly and proximately resulting from the issuance of a preliminary injunction are recoverable just as much as other costs, charges or damages to which the party might be put by reason of the restraining order and may be awarded in equity if within the terms of the injunction bond given as conditional to the issuance of such injunction. (*See Yick Wai Co.* v. *Ah Soong,* 13 Haw. 378, 384 (1901); *Rubenstein* v. *Hackfeld & Co.,* 18 Haw. 126 (1906); *Middleditch* v. *Kalanianaole,* 18 Haw. 272 (1907); *Young Chun* v. *Robinson,* 21 Haw. 193; 368 (1912); *Wong Kwai Tong* v. *Fong Koon Chan,* 28 Haw. 399 (1925).) That the federal rule sustained by the decisions of the United States Supreme Court, which this court ordinarily is bound to follow, is to the contrary is not controlling. The rule of this jurisdiction allowing damages in such cases was adopted in the *See Yick Wai* case prior to the allowance of appeals from this court to a federal court upon other than federal questions and the allowance of such appeals could not operate to reverse that decision nor to require this court to overrule its former rulings and hold differently thereafter in accordance with the federal rule. (*Rubenstein* v. *Hackfeld & Co.,* 18 Haw. 126, 127.)

The decree appealed from is reversed and the cause remanded to the trial court with instructions to grant complainants' motion for leave to amend their bill of complaint and for such further proceedings as may be consistent with this opinion.

*Smith & Wild* for complainants.

*F. Patterson* for respondents.

### CONCURRING OPINION OF PERRY, J.

While concurring in the view that the main purpose of the bill as it stands is to try the title to office and

that for the trial of that issue appropriate proceedings are available at law, it seems to me to be unnecessary to determine at this stage of the case whether the bill is amendable or whether it now discloses some equities. The complainants have offered to amend. They should be granted leave to present the amendments desired by them. After the proposed amendments are presented and made known to the court, it can more appropriately be considered whether the bill as amended does or does not set forth a case within the jurisdiction of equity.

I concur also in the views expressed on the subject of the allowance of an attorney's fee as damages.