GONZALO MANIBOG AND JUSEAS MEDINA, ON THEIR OWN BEHALF AND ON BEHALF OF ALL OTHER MEMBERS OF FILIPINO AID ASSOCIATION, *v.* JAMES LOW, JOE PASSION AND FILIPINO PROTECTIVE AID ASSOCIATION.

No. 2200.

Submitted November 29, 1935.          Decided January 2, 1936.

Coke, C. J., Peters, J., and Circuit Judge Case in place of Banks, J., unable to attend on account of illness.

This cause is here on an interlocutory appeal from an order of the court below requiring petitioners-appellants to pay to respondents-appellees the sum of $100 as attorneys' fees and damages in connection with a temporary injunction theretofore issued out of the circuit court upon the application of petitioners. The petitioners filed in the circuit court a bill in equity for injunctive relief against the respondents alleging that the Filipino Aid Association, one of the petitioners, was organized in 1931 as a mutual benefit association for the purpose of according to its members certain specified benefits; that the association enjoys a membership of about one thousand and that the suit was instituted in behalf of all the members. It is further averred in the bill that the respondents have entered into a conspiracy for the purpose of annoying, injuring and harassing the association. The petitioners sought a temporary injunction restraining the threatened injuries and upon final hearing of the cause that they might have a perpetual injunction and their costs. Upon exhibiting their verified bill to the judge of the court below petitioners obtained upon an *ex parte* hearing an order directing the issuance of the temporary injunction prayed for upon the condition that the petitioners file with the clerk of the court a bond in the sum of $500 conditioned for the payment of such damages not exceeding said sum as the respondents might sustain by reason of the temporary injunction should the court finally decide that the petitioners were not entitled thereto or in lieu of the bond the petitioners were required to deposit with the clerk of the court the sum of $500. The petitioners elected to pursue the latter course and deposit $500 with the clerk which was accompanied by a letter reading as follows:

"Dec. 28th, 1934.

"G. Aio,
Clerk, 4th Circuit Court,
Hilo, T. H.

Dear Sir:               Re: Manibog, et al. vs.
                        James Low, et al.

"A temporary injunction was issued today in the case referred to in the caption upon the condition that a bond in the sum of $500.00 be furnished or cash in the sum of $500.00 in lieu of such bond.

"On behalf of the petitioners we deposited with you today $500.00 in cash in lieu of the bond referred to in the temporary injunction. This money is to be held in your possession for the benefit of the respondents in the same way and to the same extent as a bond would have been for the benefit of said respondents.

"This money is to be held by you until the case referred to in the caption is determined and constitutes an undertaking on the part of the petitioners to pay to the respondents such damages, not exceeding the said sum of $500.00, as said party, by reason of said injunction, may sustain if the circuit court shall finally decide that the petitioners herein were not entitled thereto, the amount of damages to be fixed, of course, by a proper judgment of the court.

"We are

> Yours very truly,
> Irwin & Harlocker
> Attorneys for Petitioners
> (signed) Harry Irwin
> By Harry Irwin"

The day following the issuance of the temporary injunction, on December 29, 1934, the respondents appeared in court with a motion to dissolve or modify the injunction. The court continued the hearing on the motion until the following Thursday but directed that the temporary restraining order be "lifted" until the motion to dissolve was heard and disposed of. In the meantime petitioners appeared in court and consented to the dissolution of the

temporary injunction. The court thereupon dissolved the injunction. Subsequently respondents made application to the court to allow reasonable compensation as damages for services rendered by respondents' counsel in connection with the dissolution of the temporary injunction. The application was supported by the affidavit of one of respondents' attorneys, reciting the services made necessary by the issuance of the temporary injunction and rendered by his firm, deposing that in his opinion such services were reasonably worth the sum of $150. Upon the hearing of the motion and over the objection of counsel for petitioners the court allowed the respondents the sum of $100. The court's order is in the following language: "Upon the motion for allowance of attorneys fee and cost of temporary injunction, the court is of the opinion that the temporary injunction should not have been allowed, and had petitioners' counsel been fully informed of the facts and surrounding circumstances, as the petitioners no doubt were, the court is of the opinion that the injunction writ would not have been prayed for. The temporary injunction having been dissolved by its withdrawal, the motion for allowance of attorneys fee and costs as damages is granted in the sum of $100.00, the court being of the opinion that some of the work done in connection with the lifting of the injunction is work that would be profitable to counsel for respondents in the final hearing of the case."

This order is now before us for review. The record shows that the cause is still pending before the circuit court. Counsel for both petitioners and respondents have fallen into the mutual error of assuming that the issue involved here is whether the decision of the trial court above quoted was in effect a final adjudication holding that the temporary restraining order was improperly issued. They appear to agree that if the decision had that effect then

it was proper for the court at that time to award to respondents such damages as they may have sustained by reason of the improvident issuance of the injunction. This theory entirely ignores the terms of the indemnity contract entered into by petitioners as set forth in their letter accompanying the cash deposit wherein it clearly appears that the clerk of the court below is required to hold the cash deposit *"until the case referred to in the caption is determined."* The cause, however, is still pending and therefore the order appealed from was prematurely entered. If the court upon the final determination of the cause decides that petitioners were not entitled to the restraining order and respondents have been damaged by reason of its wrongful issuance damages may be awarded to the respondents without doing violence to the terms of the contract.

In a proceeding of this nature, where the contract of indemnity does not otherwise provide, a court sitting in equity may before final disposition of the proceedings upon a proper showing dissolve a temporary injunction if it was wrongfully obtained and award to a respondent such damages as he may have suffered or the court may defer action until the final hearing of the cause or it may in its discretion decline to assess damages and relegate the respondent to his right to proceed at law to recover under the terms of the contract. Such is the direct holding of this court in *See Yick Wai Co.* v. *Ah Soong,* 13 Haw. 378. See also *Rubenstein* v. *Hackfeld & Co.,* 18 Haw. 126. But in all cases, whether in equity or at law, the respondent as well as the court is bound by the terms of the contract. "We must take the bond as we find it." *Young Chun* v. *Robinson,* 21 Haw. 193. It is the law in this jurisdiction that counsel fees as well as costs and damages disbursed or sustained to obtain the dissolution of a restraining order wrongfully issued are damages directly and proxi-

mately resulting from the issuance of the injunction and are ordinarily recoverable. *Young Chun* v. *Robinson, supra; Middleditch* v. *Kalanianaole,* 18 Haw. 272; *W. Kwai Tong* v. *F. Koon Chan,* 28 Haw. 399. But under the terms of the contract in this case the petitioners must await the final determination of the cause following which they may renew their application and have awarded to them such damages, if any, as they may have suffered because of the temporary injunction, unless the court in the exercise of its discretionary power leaves the respondents to their remedy at law.

The order appealed from is reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Irwin & Harlocker* for petitioners.

*Carlsmith & Carlsmith* for respondents.