WILLIAM P. YOUNG *v.* EARL WILLIAMS AND MANLEY HOPKINS.

No. 1573.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT. HON. R. J. O'BRIEN, JUDGE.

SUBMITTED NOVEMBER 6, 1924.                    DECIDED NOVEMBER 26, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

MANDAMUS—*corporations—right of shareholders to inspection of books of—expert accountant.*

> Stockholders in corporations have the right to inspect the books of the company for proper purposes and for such purpose may employ the assistance of an expert accountant.

SAME—*peremptory writ of.*

Petitioner, a stockholder, prayed for a writ of mandamus to compel the officers of the corporation to permit him, through his agent, an expert accountant, to examine the books of the corporation. Respondents answered, denying that they had refused such permission to petitioner but averring that they were in doubt as to whether or not the stockholder was entitled to employ an expert accountant to make the required examination. *Held,* that the circuit judge properly ordered the issuance of the peremptory writ on the pleadings and without hearing evidence, since the facts pleaded by respondents were not such as to entitle them to prevail.

OPINION OF THE COURT BY LINDSAY, J.

This is a petition by a stockholder in the Liberty Investment Company, Limited, praying for a writ of mandamus commanding respondents, who are respectively the secretary and treasurer of the corporation, to permit the petitioner and his agent to inspect and audit the books and records of the corporation. In the petition, after alleging the existence of irregularities in the books of account and certain acts of misconduct on the part of the respondent Williams, petitioner alleges that he is *bona fide* desirous of examining the books of the corporation to ascertain whether or not the business affairs of the corporation are being conducted according to law, and for the further purpose of ascertaining the value of the stock owned by petitioner. It is further alleged that, at the offices of the corporation, on Saturday, May 24, 1924, petitioner made written demand upon respondents for permission to inspect the books and to have them audited by his agent, an expert accountant; that in response to this demand the respondent Williams requested petitioner to return on the following Monday morning for an answer and that, when on the following Monday, petitioner did return to the office of the corporation, respondents refused to accede to the demand of petitioner.

An alternative writ of mandamus issued, whereupon

respondents demurred to the petition and the alternative writ on the grounds that the petition and alternative writ did not contain sufficient facts to constitute a cause of action against respondents; that it did not appear from the petition or alternative writ that a proper demand had ever been made upon the respondents for permission to inspect the books or to have the same audited by petitioner's agent; that it affirmatively appeared from the petition and the alternative writ that no proper demand had been made upon respondents for permission to inspect or have audited said books; that there was a misjoinder of parties defendant; and that there is a nonjoinder of necessary defendants.

The demurrer was overruled and respondents answered admitting the formal allegations of the petition but denying all of the allegations therein with reference to the alleged irregularities in the books of the corporation and the alleged misconduct of the respondent Williams. It is further alleged in the answer that respondents "did not believe" that petitioner is *bona fide* desirous of examining or having examined the books of the corporation to ascertain whether or not the business affairs of the corporation are being conducted according to law and for the purpose of ascertaining the value of the stock owned by petitioner, but on the contrary the respondents allege that "it is their information and belief" that petitioner has been induced by certain other stockholders to make demand for the examination of the books solely for the purpose of harassing the manager of the corporation in the hope that said manager will relinquish his position and that some other stockholder may become manager. In regard to the allegation in the petition that respondents had refused to permit petitioner or his agent to examine and audit the books, respondents in their answer deny that they ever refused such permission, and in this

regard allege that on the first occasion that petitioner called at the office of the corporation the respondent Williams stated to petitioner that he had no objection whatever to an examination of the books, but that he was in doubt as to whether a nonstockholder should be permitted to make such examination and that he desired to consult his attorney, whereupon petitioner stated that he would return on the following Monday; that on Monday petitioner did return accompanied by Graham and his attorney and asked Williams whether or not he had consulted with his attorney. Williams replied that his attorney had been out of town and had just returned and that he had been unable to see him but would do so that day, as soon as the work upon which he was then engaged was finished, whereupon petitioner's attorney ordered Williams to go then and consult his attorney, to which Williams replied that he would have to be given a reasonable time within which to consult his attorney, adding that he was not accepting orders from them; that thereupon petitioner and his attorney left the office and did not again return; that respondents were not given a reasonable opportunity to determine whether or not the demand for permission to examine the books should be complied with. It is further alleged in the answer that the books of the corporation are now in the hands of a competent firm of auditors who are auditing the same and that the result of such audit when completed will be available to petitioner.

Upon the filing of the answer of respondents the circuit judge rendered a decision holding that respondents had failed to set forth any matters in their answer that would entitle them to prevail in this suit; that a stockholder of a corporation has the right at any reasonable time to inspect and examine the books and records of such corporation so long as his examination is for a

proper purpose, and that when the request for an examination is made by a stockholder it will be presumed that his purpose is for the interest of the corporation, and when it is charged otherwise the burden is on the officers refusing such request to establish it. In accordance with the decision of the circuit judge a peremptory writ of mandamus was issued commanding the respondents to permit petitioner or an agent appointed by him, at the office of the corporation during business hours and without undue inconvenience, to examine the books of account and records of the corporation.

Respondents have brought the matter here on appeal upon which they allege that the circuit judge erred in overruling the demurrer and in granting the peremptory writ.

The first contention of respondents is that the circuit judge should have sustained the demurrer because the petition was not brought in the name of the Territory on the relation of petitioner. This was not one of the grounds of demurrer, nor, so far as appears from the record, was the point raised before the lower court, and it is doubtful, therefore, whether it may now be raised here on appeal. *McChesney* v. *Kona Sugar Co.,* 15 Haw. 710; *Kuala* v. *Kuapahi,* 15 Haw. 300. If, however, that point may now be raised, is it necessary, under the statutes and practise in this jurisdiction that, when a stockholder in a private corporation desires a writ of mandamus commanding the custodians of the books of the corporation to permit the shareholder to examine the same, the petition should be entitled in the name of the Territory?

In the case of *Brown* v. *Crystal Ice Co.,* 122 Tenn. 239, 19 Ann. Cas. 308, the stockholder, as in the present case, filed a petition praying for a writ of mandamus commanding the officers of the corporation to permit him

to examine the books, the petition as herein being entitled as in an ordinary civil action between parties plaintiff and defendant. As to the propriety of this practise the court said: "A question has been made as to whether it is necessary to present the bill in the name of the State. It was so held in *Whitesides* v. *Stuart,* 91 Tenn. 710, 20 S. W. 245. This seems the more logical rule, since the writ is in the nature of a prerogative writ (*State, ex rel., Weinberg* v. *Pacific Brewing & Malting Co.,* 21 Wash., 451, 58 Pac., 584, 47 L. R. A., 208-212, and authorities cited); but in most of our cases, prior to *Whitesides* v. *Stuart,* the name of the State was not used, and the same is true of some of the subsequent cases. No doubt the court would lend an easy ear to an application for amendment, so as to insert the name of the State in any case where objection is made on that ground."

Prior to the year 1889 the practise in this jurisdiction in praying for writs of mandamus seems not to have been uniform, many of the reported cases being entitled "..........on the relation of..........v.............," while other cases are entitled merely as in ordinary civil actions between individuals. The case of *Bradley* v. *Thurston,* 7 Haw. 523, heard in the October 1889 term, was entitled *"The King ex rel. Henry Bradley and W. R. Chilton* vs. *L. A. Thurston, Minister of the Interior."* No question as to this was raised by the parties, but the court of its own motion, speaking through Preston, J., said: "As it appears to us that there has been some irregularity in the proceedings, we think it is proper to state what in our view the practice in applications for writs of mandamus should be, although no question has been raised in this case, and although the petition in this case was entitled and drawn according to the practice which has heretofore prevailed here, and which

appears to prevail in some States of the United States. The petition itself should not be entitled as a personal action. It may be entitled 'In the matter of an application of...................for a writ of mandamus,' etc."

Since the above ruling the prescribed manner of entitling petitions for writs of mandamus has not always been followed, and the reports contain a few cases entitled as in ordinary civil cases between litigants. In most of the cases, however, the suggestion of the court has been followed, the name of the Territory not appearing upon the petitions and the matter being entitled as suggested by the court. The cases in other jurisdictions in which it has been held that a petition for a writ of mandamus should be brought and entitled in the name of the state upon the relation of the party desiring the writ, have proceeded upon the theory that the writ is a prerogative writ issued only upon discretion. In this jurisdiction, however, the writ would seem not to be of a prerogative nature but one issuable of right to a party showing himself entitled thereto. Section 2682, R. L. 1915, provides that the party wishing to obtain a writ of mandamus must apply by petition addressed to the court stating the nature of his right or of the injury he sustains, which petition shall be sworn to by the party, or by some person on his behalf cognizant of the facts. Section 2683, R. L. 1915, provides that the court, if sufficient ground is shown, shall issue an alternative writ addressed to the party against whom the complaint is made by which he shall be directed to do what has been demanded of him or show cause to the contrary. Under section 2685, R. L. 1915, if the party shall fail to appear and show cause, or if the cause shown shall be deemed insufficient, then a peremptory mandate shall issue to do the thing absolutely. From the portions of the statutes referred to, it is clearly apparent that, in a

case of the nature involved herein, in which the matter is not one in which the community is generally interested but involves nothing more than a controversy between individuals, the Territory need not be named as petitioner but the petition should be brought and entitled as indicated in section 2682, namely, in the name of the party wishing to obtain the order. In the instant case the petition was not so entitled but was erroneously entitled as in an ordinary personal action, but an objection on that ground, even if tenable for the first time on appeal, is purely technical, and, it appearing from the facts set forth in the petition itself that although the so-called plaintiff is not, properly speaking, a "plaintiff" but is in fact "a party wishing to obtain an order," the petition was not open to demurrer on the ground now urged.

Respondents contend that the corporation should have been joined as a party respondent, citing in support of this contention *State* v. *Thompson's Malted Food Co.,* 152 N. W. (Wis.) 458. In that case the officers who had custody of the books as well as the corporation itself had been made parties respondent and the objection was to the corporation's having been joined. The court held that while the corporation was not a necessary party it was a proper party, and this, in our judgment, is a correct statement of the rule. In *State* v. *Ice,* 84 S. E. (W. Va.) 181, it was held that the corporation is not a necessary party, the court saying at page 182: "No corporate interest in the litigation, not adequately represented by the governing officers proceeded against, is perceived. Through them, the corporation has notice, and they act for it, just as effectually as if it were a formal party." To the same effect see: *Feick* v. *Hill Bread Co.,* 91 N. J. L. 486; *Swift* v. *Richardson,* 40 Am. St. Rep. (Del.) 127. It is further contended by respondents that

by reason of the provision of section 2680, R. L. 1915, the corporation should have been made a party respondent. There is no merit in this contention for by section 2675, R. L. 1915, it is expressly provided that a writ of mandamus may be addressed to an individual directing him to perform some act belonging to the place, duty or quality, with which he is clothed, and section 2680 merely designates certain specific duties of corporations, the performance of which may be enforced by mandamus.

As another reason why the demurrer should have been sustained by the circuit judge, appellants argue that no stockholder under our law has a right to inspect the books of the corporation which can be enforced by mandamus, his rights being otherwise provided for under sections 3285 and 3304, R. L. 1915. Neither of these sections has any application to the facts involved herein nor affects the rights of a stockholder in a corporation to inspect the books thereof. Section 3285 merely provides that a stock book shall be kept in which shall be registered the names of stockholders and the number of shares held by them, which book shall be open for the inspection of shareholders during business hours. Section 3304 provides that a corporation shall annually present a report of its officers to the treasurer of the Territory which report shall be available to the inspection of stockholders of the corporation. Speaking of a similar contention made by respondents in *Guthrie* v. *Harkness,* 199 U. S. 148, the court at page 156 said: "We are unable to find in section 5211, requiring reports to be made to the comptroller of the currency, or in section 5240, providing for the appointment of examiners to investigate the condition of national banks, anything which cuts down the usual common-law right in shareholders in such corporations. In section 5210 it is provided that a list of shareholders shall be kept, subject

to inspection by the shareholders and creditors of the corporation and the officers authorized to assess taxes under state authority. The purpose of this section seems obvious in view of the other provisions of the statute, authorizing taxation by the state upon the shareholder (section 5219), and providing for the individual liability of the shareholder to an amount equal to his stock in cases of insolvency. (Sec. 5151.) This court has said that one, if not the principal, object of this section was to require information as to the shareholders upon whom may rest individual liability for contracts, debts or other engagements of the bank."

Appellants further contend that the trial judge erred in not sustaining the demurrer because it was not alleged in the petition whether or not, under the by-laws and charter, a stockholder has or has not the right to inspect the books of the corporation. Inasmuch as we have no statute on this subject, the right of a stockholder to examine the books of a corporation is governed by the common law and need not be alleged in the petition.

According to the contention of appellants the demurrer should have been sustained because the demand made by petitioner was too broad and indefinite and did not state any ground or purpose for which petitioner desired to examine the books. We agree with the holding of the circuit judge that, inasmuch as a stockholder has the right at reasonable times to inspect the books of the corporation, it will be presumed that his purpose in demanding such an inspection is for proper purposes, and when it is charged that such purpose is not a proper one, it would seem, upon principle, that the burden of so showing would be upon the party so charging. As was said by the court in *Hauser v. York Water Co.*, 123 Atl. (Pa.) 330, 332, decided in January, 1924, where certain stockholders had been refused a list of the stock-

holders in the corporation and it was alleged by respondents that petitioners had not shown that they desired the same for a proper purpose: "The law presumes, however, that the list is desired for a proper purpose, and he who denies this has the burden of clearly and explicitly averring and proving that he is right. 7 R. C. L. 326." In our opinion the demurrer was properly overruled.

It is the contention of appellants that, assuming that the demurrer was properly overruled, the circuit judge erred in granting the peremptory writ upon the pleadings and without hearing evidence.

In his decision the circuit judge held that respondents had failed to set forth in their answer any matters that would entitle them to prevail in this suit. In other words, in the opinion of the circuit judge, even if all the matters and things set forth in respondents' answer were true, the petitioner was entitled to the right that he had demanded.

By the weight of authority as well as upon sound principle, persons holding shares of stock in a corporation are entitled to be conversant with the conditions of the corporation and for that purpose they are entitled to access to the books of the corporation. The business is that of the shareholders and the officers of the corporation are but servants and agents of the stockholders. The right of inspection rests upon the proposition that those in charge of the corporation are merely the agents of the stockholders who are the real owners of the property. *Cincinnati Volksblatt Co.* v. *Hoffmeister*, 62 Ohio St. 189, 201. "In the United States the prevailing doctrine appears to be that the individual shareholders in a corporation have the same right as the members of an ordinary partnership to examine their company's books, although they have no power to interfere with the

management." Morawetz on Corporations, Sec. 473, quoted in *Guthrie* v. *Harkness,* 199 U. S. 148, 153. "Stockholders are entitled to inspect the books of the company for proper purposes at proper times. * * * And they are entitled to such inspection, though their only object is to ascertain whether their affairs have been properly conducted by the directors or managers. Such a right is necessary to their protection. To say that they have the right, but that it can be enforced only when they have ascertained, in some way without the books, that their affairs have been mismanaged, or that their interests are in danger, is practically to deny the right in the majority of cases. Oftentimes frauds are discoverable only by examination of the books by an expert accountant. The books are not the private property of the directors or managers, but are the records of their transactions as trustees for the stockholders." *Guthrie* v. *Harkness, supra,* quoting from *Huylar* v. *Cragin Cattle Co.,* 40 N. J. Eq. 392, 398.

It thus appearing that stockholders have the right to examine the books of the corporation in the business ventures of which they have invested their capital, it follows that, in order to intelligently avail themselves of such right, the stockholders may engage the assistance of experts in making such examination. To deny to the ordinary person, unacquainted with the technique and methods of the art of modern accounting such assistance, would be to render the right of the stockholder a vain thing. "The weight of authority in this country appears to be that a stockholder may employ an expert accountant not connected with the corporation to assist him in making the examination. 7 *Ruling Case Law,* page and section 301." *Feick* v. *Hill Bread Co.,* 91 N. J. L. 486, 489. "The possession of the right would be futile if the possessor, through lack of knowledge necessary

to its exercise, were debarred of the privilege to procure in his behalf the services of one competent to exercise it." 7 R. C. L., Sec. 301.

In the instant case it appears from the pleadings that petitioner demanded that he, through his agent, be allowed to inspect the books of the corporation. In their answer, it is true that respondents state that they have never denied to petitioner the right himself to inspect the books, but respondents admit that they were in doubt as to whether the right of petitioner might be exercised through his agent, the expert accountant, and up to the time these proceedings were instituted, it is apparent that the right demanded by petitioner has been withheld by respondents. Under the pleadings, therefore, no further evidence of the denial of the right of petitioner was required and the circuit court properly ordered the issuance of the peremptory writ.

The judgment of the circuit judge is affirmed.

*Smith, Warren, Stanley & Vitousek* and *W. H. Heen* for petitioner.

*Huber & Kemp* and *Brown, Cristy & Davis* for respondents.