IN THE MATTER OF THE APPLICATION OF WONG BUCK KAM, CHING WAI FUI AND CHANG FATT FOR A WRIT OF MANDAMUS AGAINST LEE CHEE AND LUM MOO.

No. 1640.

ERROR TO CIRCUIT JUDGE FIRST CIRCUIT. HON. F. ANDRADE, JUDGE.

SUBMITTED NOVEMBER 10, 1926.          DECIDED DECEMBER 20, 1926.

PERRY, C. J., BANKS AND PARSONS, JJ.

MANDAMUS—*pleadings—sufficiency of demand.*

When a stockholder in a private corporation makes a demand to examine the corporate books and records it is not necessary for him to state in his demand the purpose for which he desires to make such examination nor to specify the particular books and records he wishes to inspect. The demand alleged to have been made in the present case is sufficient.

ELECTION OF REMEDIES—*contest of title to office—mandamus.*

An attempt by bill in equity brought by members of a corporation to contest the title of respondents to offices claimed by them in a private corporation is not inconsistent with the right of the same persons to compel by writ of mandamus the same respondents who are in possession of the offices to allow an examination of the books and records of said corporation. The institution of the former suit therefore is no bar to the maintenance of the latter.

OPINION OF THE COURT BY BANKS, J.

This is a proceeding in mandamus. The petitioners, the appellees, filed a petition in the circuit court praying the issuance of an order to compel the respondents, appellants, to permit them to inspect and audit the books of account and records of Chee Kung Tong, an Hawaiian corporation. The circuit judge issued the alternative writ of mandamus and made it returnable on a day

certain.   It appears from the alternative writ that the petitioners are members of Chee Kung Tong, a Chinese society incorporated under that name, and that the respondents claim to be officers of said society and have the custody and control of its books and records.   The respondents demurred to the petition and the alternative writ on several grounds.   The court overruled the demurrer, whereupon the respondents filed their return.   Subsequently they moved to dismiss the writ on the ground that the petitioners had, previous to the institution of the present suit, brought a suit in equity for an injunction and accounting against these same respondents and that this suit in equity is still pending and undisposed of. The motion was denied.   The case then proceeded to trial upon the issues of fact presented by the alternative writ and the return.   During the trial several exceptions were taken by the respondents to rulings of the court on the admission and rejection of evidence.   After the conclusion of the evidence the court issued a peremptory writ of mandamus ordering the respondents to do and perform the things therein required of them.   The respondents, by writ of error, have brought the case to this court for review.

The first assignment of error is that the court erred in overruling the demurrer to the petition and the alternative writ.   In their brief the respondents claim that the petition and the alternative writ are insufficient in law in that they do not allege that the demand made upon the respondents for an inspection of the books and records of the corporation states for what purpose the inspection was desired nor what books and records the petitioners wished to examine.   We do not think this contention is sound.   The demand set forth in the petition and alternative writ is as follows:

"To Pang Lum Mow, Lee Chee, Mark You
Que, Yuen Moon Yock and Lum Moo,
Honolulu, T. H.,

"You and each of you are hereby notified that the undersigned, members of Chee Kung Tong, hereby demand the right to inspect and audit the books and records of said Society.

"The undersigned will be at the Society Hall, Aala Lane, Honolulu, on Thursday the 28th day of August, 1924, at 9 o'clock A. M., for the purpose of making such inspection and audit.

"The undersigned have made repeated demands upon you for right to inspect and audit said books and accounts, with which you have refused to comply. This demand is final.

"Yee Yap
"Wong B. Kam

"(Ching Wai Fui)
"(Chinese Characters)

"Chang Fat."

This demand alleged to have been made by the petitioners upon the respondents meets all the requirements of the law. In *Young* v. *Williams,* 28 Haw. 68, this court said at page 77: "According to the contention of appellants the demurrer should have been sustained because the demand made by petitioner was too broad and indefinite and did not state any ground or purpose for which petitioner desired to examine the books. We agree with the holding of the circuit judge that, inasmuch as a stockholder has the right at reasonable times to inspect the books of the corporation, it will be presumed that his purpose in demanding such an inspection is for proper purposes, and when it is charged that such purpose is not a proper one, it would seem, upon principle, that the burden of so showing would be upon the party so charging. As was said by the court in *Hauser* v. *York Water*

*Co.,* 123 Atl. (Pa.) 330, 332, decided in January, 1924, where certain stockholders had been refused a list of the stockholders in the corporation and it was alleged by respondents that petitioners had not shown that they desired the same for a proper purpose: 'The law presumes, however, that the list is desired for a proper purpose, and he who denies this has the burden of clearly and explicitly averring and proving that he is right. 7 R. C. L. 326.' " And again at page 78: "By the weight of authority as well as upon sound principle, persons holding shares of stock in a corporation are entitled to be conversant with the conditions of the corporation and for that purpose they are entitled to access to the books of the corporation. The business is that of the shareholders and the officers of the corporation are but servants and agents of the stockholders. The right of inspection rests upon the proposition that those in charge of the corporation are merely the agents of the stockholders who are the real owners of the property. *Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 Ohio St. 189, 201. 'In the United States the prevailing doctrine appears to be that the individual shareholders in a corporation have the same right as the members of an ordinary partnership to examine their company's books, although they have no power to interfere with the management.' Morawetz on Corporations, Sec. 473, quoted in *Guthrie* v. *Harkness,* 199 U. S. 148, 153. 'Stockholders are entitled to inspect the books of the company for proper purposes at proper times. * * * And they are entitled to such inspection, though their only object is to ascertain whether their affairs have been properly conducted by the directors or managers. Such a right is necessary to their protection. To say that they have the right, but that it can be enforced only when they have ascertained, in some way without the books, that their

affairs have been mismanaged, or that their interests. are in danger, is practically to deny the right in the majority of cases. Oftentimes frauds are discoverable only by examination of the books by an expert accountant. The books are not the private property of the directors or managers, but are the records of their transactions as trustees for the stockholders.' *Guthrie* v. *Harkness, supra,* quoting from *Huylar* v. *Cragin Cattle Co.,* 40 N. J. Eq., 392, 398." It being true that a stockholder has a right for proper purposes to examine the books and records of the corporation, we know of no rule of law restricting his right to certain books and records. He has the right to examine every book and every record in which the corporate business appears 'and he is not required as a condition to its exercise to specify what particular books and records he wishes to inspect.

This being the only attack made by the respondents in their brief on the sufficiency of the petition and the alternative writ, we are of the opinion that the demurrer was properly overruled.

The second assignment of error is that the court erred in denying the motion to dismiss the writ. The record shows that prior to the institution of the present action these petitioners together with other complainants brought in the circuit court a suit in equity against these and other respondents. The main purpose of the equity suit was to settle, between contending factions, the title to certain offices in Chee Kung Tong, the same corporation whose books and records the petitioners are now claiming the right to inspect. The circuit judge *sua sponte* dismissed the suit on the ground that a court of equity had no jurisdiction of the subject matter. The complainants moved to vacate the order of dismissal and to be granted leave to offer an amendment to their bill. This motion was denied and the complainants appealed

to this court. The decree of the lower court was reversed and the case remanded. (*Lau Yin* v. *Pang Lum Mow,* 28 Haw. 476.) In its opinion this court held in effect that there was no error in dismissing the bill but that the bill disclosed equities which might, upon appropriate amendment, make a case of equitable cognizance and prove sufficient to retain the bill and therefore it was error to deny the complainants the opportunity of offering such amendment. No amendment has ever been offered. The equity suit stands now as it has always stood, both in the circuit court and when on appeal in this court, as a suit, primarily, to try the title to offices in a private corporation. It is mere speculation to say that if it had, in its inception or later by amendment, been given a broader scope it might have been inconsistent with the present action and thus within the rule relating to election of remedies. The primary purpose of the suit in equity was to assert the right which the complainants allege they had to contest the title to certain corporate offices held and claimed by respondents. The present action was brought to enforce the right, which the petitioners claim, to examine the books of this same corporation. The two rights are not interrelated much less inconsistent. Even though the complainants had brought the proper action and had been successful in obtaining the relief sought in the equity suit it by no means follows that that relief would have adequately served the ends sought in the present action. It might still have been necessary, and if necessary, the petitioners certainly would have had the right, to resort to the writ of mandamus to compel from the respondents an inspection of the books and accounts of the corporation. In other words, the right of a member of a corporation to contest the title to an office in the corporation is wholly different from and not inconsistent with his right to

inspect the corporate books and records. The doctrine invoked by the respondents in support of the assignment of error we are now considering has application only to those cases where a party having a choice of one of two or more coexistent but inconsistent rights, growing out of the same facts, by the assertion and pursuit of one precludes himself from the others. It is entirely inapplicable when, as in the situation now before us, the rights sought to be enforced are not inconsistent.

We have carefully examined the remaining assignments of error and find them also without merit.

The judgment is affirmed.

*Patterson & Kelley* for respondents-plaintiffs in error.
*Smith & Wild* for petitioners-defendants in error.