## *Ex parte* WILDER'S STEAMSHIP COMPANY.

### PETITION FOR WRIT OF MANDAMUS.

No. 9. Original. Submitted May 13, 1901. — Decided January 6, 1902.

A decree in admiralty in the Supreme Court of the Territory of Hawaii, in a case pending in the courts of the Republic of Hawaii at the time of its annexation to the United States, is not subject to an appeal to the United States Circuit Court of Appeals for the Ninth Circuit.

THIS was a petition by the Wilder's Steamship Company, a corporation organized and existing under the laws of the Territory of Hawaii, for a writ of mandamus to the United States Circuit Court of Appeals for the Ninth Circuit to entertain an appeal from the Supreme Court of the Territory of Hawaii.

On December 27, 1899, the steamer Claudine, one of the petitioner's steamships, came into collision with the barkentine William Carson. On February 5, 1900, the owners of the William Carson and of her cargo filed a libel in admiralty against the steamship company in the circuit court of the first judicial circuit of the Republic of Hawaii. On May 7, 1900, that court

rendered a decree against the steamship company in the sum of $55,000, upon the ground that the collision was caused by the fault of the steamship company, with no fault or negligence on the part of those in charge of the William Carson. From that decree an appeal was taken to the Supreme Court of the Republic of Hawaii, as provided by the then existing law of the Republic. On November 9, 1900, the cause having come on regularly to be heard before the Supreme Court of the Territory of Hawaii, the decree was affirmed by that court. On the same day, an appeal was claimed from that court to the United States Circuit Court of Appeals for the Ninth Circuit, but was denied, for want of jurisdiction, by the Supreme Court of the Territory on November 7, 1900, and by the Circuit Court of Appeals on April 1, 1901. 13 Hawaii, 174; 108 Fed. Rep. 113.

On March 5, 1901, the steamship company presented to this court a petition praying that an order, under section 15 of the act of March 3, 1891, c. 517, assigning the Territory of Hawaii to the Ninth Circuit, might be made *nunc pro tunc* as of June 15, 1900, the date at which the act of Congress of April 30, 1900, c. 339, entitled "An Act to provide a government for the Territory of Hawaii," took effect.

On April 12, 1901, the petitioner filed in this court a petition praying for a similar order, and further praying that a writ of mandamus might issue to the United States Circuit Court of Appeals for the Ninth Circuit to set aside its order denying the appeal, and to entertain the cause.

On April 15, 1901, this court "ordered that the Territory of Hawaii be, and it is hereby, assigned to the Ninth Judicial Circuit under section 15 of the Judiciary Act of March 3, 1891;" gave leave to file this petition for a writ of mandamus; and awarded a rule to show cause, returnable on May 13.

On May 3, after that order, the petitioner presented to the Circuit Court of Appeals for the Ninth Circuit another petition for the allowance of an appeal from the decree of the Supreme Court of the Territory of Hawaii; and that petition was denied.

On May 13, the Circuit Court of Appeals for the Ninth Cir-

cuit made a return, that upon the facts stated in the petition it had not jurisdiction of the appeal; that the question whether it had such jurisdiction came before it for adjudication and was judicially determined; and that its decision in the matter constituted a final judgment, properly subject to review in this court by writ of certiorari.

The case was submitted to this court upon the petition for a mandamus, the return thereto, and a motion of the petitioner to file in evidence its petition of May 3 to the Circuit Court of Appeals and the disallowance thereof.

The Republic of Hawaii, before its annexation to the United States, had a fully organized government. The judicial system consisted of courts of original and appellate jurisdiction, whose powers were defined by the constitution and statutes of the Republic. The circuit courts were the courts of general original jurisdiction, and had power to determine all civil causes in admiralty. In such causes, as well as in other cases, the Supreme Court had appellate jurisdiction, and its decrees, by express provision of the constitution, were made " final and conclusive." Constitution of Hawaii, arts. 82–86. Ballou's Civil Laws of Hawaii, 1897, §§ 1105, 1136, 1144, 1145, 1164, 1430, 1433, 1434.

By the Joint Resolution of the Congress of the United States of July 7, 1898, c. 55, the Hawaiian Islands were annexed to the United States, and it was provided that " until Congress shall provide for the government of such islands, all the civil, judicial and military powers exercised by the officers of the existing government in said islands shall be vested in such person or persons and shall be exercised in such manner as the President of the United States shall direct; and the President shall have power to remove said officers and fill the vacancies thus occasioned;" and that " the municipal legislation of the Hawaiian Islands," " not inconsistent with this joint resolution, nor contrary to the Constitution of the United States, nor to any existing treaty of the United States, shall remain in force until the Congress of the United States shall otherwise determine." 30 Stat. 750.

On July 8, 1898, " in the exercise of the power thus conferred

upon him by the Joint Resolution, the President hereby directs that the civil, judicial and military powers in question shall be exercised by the officers of the Republic of Hawaii as it existed just prior to the transfer of sovereignty, subject to his power to remove such officers and to fill the vacancies." Letter of Secretary of State to Minister Sewall; Report 305, H. R. 56th Congr. 1st Sess. p. 3.

On August 12, 1898, the sovereignty of the Hawaiian Islands was transferred to the United States. The act of Congress of April 30, 1900, c. 339, entitled "An Act to provide a government for the Territory of Hawaii," which by its terms took effect June 15, 1890, declared in § 1 that the phrase "the laws of Hawaii," as therein used, should mean the constitution and laws of the Republic of Hawaii in force at the date of the transfer; and in § 2 that the islands so acquired should be known as the Territory of Hawaii; and contained the following provisions:

"Sec. 5. The Constitution- and, except as herein otherwise provided, all the laws of the United States which are not locally inapplicable shall have the same force and effect within the new Territory as elsewhere in the United States."

"Sec. 6. The laws of Hawaii not inconsistent with the Constitution or laws of the United States or the provisions of this act shall remain in force, subject to repeal or amendment by the legislature of Hawaii or the Congress of the United States."

Section 7 repealed the constitution and various laws of the Republic of Hawaii, including those on maritime matters. 31 Stat. 141, 142.

"Sec. 10. All rights of action, suits at law and in equity, prosecutions and judgments existing prior to the taking effect of this act shall continue to be as effectual as if this act had not been passed." "All criminal and penal proceedings then pending in the courts of the Republic of Hawaii shall be prosecuted to final judgment and execution in the name of the Territory of Hawaii; all such proceedings, all actions at law, suits in equity, and other proceedings, then pending in the courts of the Republic of Hawaii, shall be carried on to final judgment and execution in the corresponding courts of the Territory of

Hawaii; and all process issued and sentences imposed before this act takes effect shall be as valid as if issued or imposed in the name of the Territory of Hawaii." ' 31 Stat. 143.

"SEC. 81. The judicial powers of the Territory shall be vested in one supreme court, circuit courts, and in such inferior courts as the legislature may from time to time establish. And until the legislature shall otherwise provide, the laws of Hawaii heretofore in force concerning the local courts and their jurisdiction and procedure shall continue in force, except as herein otherwise provided."

"SEC. 83. The laws of Hawaii relative to the judicial department, including civil and criminal procedure, except as amended by this act, are continued in force, subject to modification by Congress or the legislature." 31 Stat. 157.

"SEC. 86. There shall be established in said Territory a District Court to consist of one judge, who shall reside therein and be called the District Judge. The President of the United States, by and with the advice and consent of the Senate of the United States, shall appoint a district judge, a district attorney and a marshal of the United States for the said district, and said judge, attorney and marshal shall hold office for six years unless sooner removed by the President. Said court shall have, in addition to the ordinary jurisdiction of District Courts of the United States, jurisdiction of all cases cognizable in a Circuit Court of the United States, and shall proceed therein in the same manner as a Circuit Court; and said judge, district attorney and marshal shall have and exercise in the Territory of Hawaii all the powers conferred by the laws of the United States upon the judges, district attorneys and marshals of District and Circuit Courts of the United States. Writs of error and appeals from said District Court shall be had and allowed to the Circuit Court of Appeals in the Ninth Judicial Circuit in the same manner as writs of error and appeals are allowed from Circuit Courts to Circuit Courts of Appeals as provided by law; and the laws of the United States relating to juries and jury trials shall be applicable to said District Court. The laws of the United States relating to appeals, writs of error, removal of causes, and other matters and proceedings as between the courts of the United

States and the courts of the several States, shall govern in such matters and proceedings as between the courts of the United States and the courts of the Territory of Hawaii." 31 Stat. 158.

*Mr. Duane E. Fox* for Wilder's Steamship Co.

*Mr. Charles Page* and others, opposing.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

We are of opinion that the appeal from the Supreme Court of the Territory of Hawaii to the United States Circuit Court of Appeals for the Ninth Circuit was rightly disallowed.

The libel in admiralty was originally brought, and a decree made, in a court of the Republic of Hawaii having jurisdiction of the cause, and an appeal from that decree was duly taken to the Supreme Court of Hawaii, as provided by the then existing law of the Republic. While the appeal was lawfully pending in the courts of Hawaii, Congress, by the act of April 30, 1900, c. 339, provided a government for the Territory of Hawaii, establishing therein a Supreme Court and other courts, and enacting, in section 10, that " all actions at law, suits in equity, and other proceedings, then pending in the courts of the Republic of Hawaii, shall be carried on to final judgment and execution in the corresponding courts of the Territory of Hawaii." This appeal in admiralty was one of the " other proceedings" then pending in the courts of the Republic of Hawaii, which were " to be carried on to final judgment and execution in the corresponding courts of the Territory of Hawaii." On November 9, 1900, the cause having come on regularly to be heard before the Supreme Court of the Territory, in accordance with the act of Congress, the decree below was affirmed ; and on the same day an appeal from the decree of affirmance was claimed to the United States Circuit Court of Appeals for the Ninth Circuit.

The act of Congress of 1900 contains no provision authorizing

such an appeal.   The petitioner refers to section 86 of that act, which established in the Territory a District Court of the United States with the powers of a Circuit Court of the United States. But that court is given no appellate jurisdiction.   The provision allowing writs of error and appeals from that court to the Circuit Court of Appeals for the Ninth Judicial Circuit does not touch appeals from the Supreme Court of the Territory of Hawaii.   And the remaining clause as to appeals, writs of error, removals of causes and other matters and proceedings between the courts of the United States and the courts of the Territory of Hawaii provides that they shall be governed, not by the laws applicable to other Territories, but by the laws of the United States as to such matters and proceedings " as between the courts of the United States and the courts of the several States." Congress may have considered that, owing to the great distance of the Territory of Hawaii from the continent, the appellate jurisdiction over that Territory should be more restricted than over other Territories, and should extend only, as in the case of the several States, to judgments against a right claimed under the Constitution, laws or treaties of the United States.   But whatever may have been the reasons which influenced Congress, its language is too plain to be misunderstood.   Cases in admiralty, brought after the act of 1900 took effect, must of course be brought in the District Court of the United States, and subject to the right of appeal therein provided to the Circuit Court of Appeals for the Ninth Circuit.   But as to cases in admiralty pending in the courts of Hawaii when the act took effect, there is no special provision, and they therefore remain, like other civil cases, to be finally determined in the courts of the Territory of Hawaii, under the general provision of section 10.   In cases in admiralty, as in all other cases pending in the courts of Hawaii at that time, it was within the discretionary power of Congress to provide that they should remain within the jurisdiction and determination of the courts of the Territory ; and it has clearly so provided as to pending suits of all classes.   The fact that in a State cases in admiralty cannot be brought in its courts, but only in the courts of the United States, affords no reason for implying that Congress, without any language ex-

pressing such an intention, meant to vest in any court of the United States either original or appellate jurisdiction in cases in admiralty pending in the courts of Hawaii when this act of Congress took effect.

Reliance is placed by the petitioner on section 15 of the act of March 3, 1891, c. 517, (long before the annexation of Hawaii,) establishing Circuit Courts of Appeals, which provides that "the Circuit Court of Appeal, in cases in which the judgments of the Circuit Courts of Appeal are made final by this act," (which include cases in admiralty,) "shall have the same appellate jurisdiction, by writ of error or appeal, to review the judgments, orders and decrees of the supreme courts of the several Territories as by this act they may have to review the judgments, orders and decrees of the District Court and Circuit Courts; and for that purpose the several Territories shall, by orders of the Supreme Court, to be made from time to time, be assigned to particular circuits." 26 Stat. 830. But on November 9, 1900, when this appeal to the Circuit Court of Appeals for the Ninth Circuit was claimed from the Supreme Court of the Territory of Hawaii, as well as on April 12, 1901, when this petition for a writ of mandamus was filed, this court had made no order assigning the Territory of Hawaii to any judicial circuit. The order made by this court on April 15, 1901, assigning the Territory of Hawaii to the Ninth Judicial Circuit, was not, as this petitioner requested, made as of a former day, but took effect only from its date. And no order of this court, assigning the Territory of Hawaii to a judicial circuit under the act of 1891, can give a right of appeal inconsistent with the provision of section 86 of the later act of 1900 restricting such appeals to cases in which by the laws of the United States they are allowable to the courts of the United States from the courts of the several States.

*Petition dismissed.*