**ALESNA et al. v. RICE et al.**

No. 11872.

United States Court of Appeals Ninth Circuit.

Jan. 14, 1949.

Harriet Bouslog and Myer C. Symonds, both of Honolulu, T. H., and Gladstein, Andersen, Resner & Sawyer, of San Francisco, Cal., for appellants.

Walter D. Ackerman, Jr., Atty. Gen., Territory of Hawaii, Michiro Watanabe, Deputy Atty. Gen., for appellee.

Livingston Jenks, of Honolulu, T. H., Hawaii Employers Coun. as amicus curiæ.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and HARRISON, District Judge.

DENMAN, Chief Judge.

This is an appeal from the dismissal of a complaint seeking an injunction against the judge of the Fifth Judicial Circuit of the Territory of Hawaii and the Territory's Attorney General, restraining them from proceeding with the prosecution of appellants under an information filed by the Attorney General. A restraining order, set aside in the judgment, was renewed and since then has restrained the appellees from acting in the criminal prosecution.

The dismissal was ordered upon a motion for determination of the defenses in advance of trial under Federal Rules of Civil Procedure, rule 12(d), 28 U.S.C.A. In consideration of the appeal we are confined to the facts alleged in the pleadings.

The Attorney General's information charges a violation of the Hawaiian statutes [1] making the violation of a temporary

---

[1] Revised Laws Hawaii, 1945, Sec. 11140.

restraining order against picketing issued by the Fifth Circuit Court a criminal offense. The restraining order was issued ex parte by the above circuit court in the progress of a strike by appellants and others in a labor dispute between Lihue Plantation Company Limited and appellants' union, the International Longshoremen's Union C.I.O. and its locals 149 and 149 unit 1 and their numerous members.

Appellants contended below and contend here that they are entitled to their injunction against the prosecution of the information, on the ground the Hawaiian court's injunction is void because in violation of the Norris LaGuardia Act, 29 U.S.C.A. § 101 et seq., and the free speech and assembly provision of the first amendment to the Constitution.

The district court held against them on the merits and dismissed the complaint. We agree there should have been a judgment of dismissal but disagree with the district court considering the merits of those contentions.

Had the prosecution of the information proceeded, the jury might have acquitted the defendants, appellants, and the constitutional and other questions avoided. In any event, the appellants had a speedy and sufficient remedy at law by appeal to the Hawaiian Supreme Court, where the appellants' arguments of the two contentions may have prevailed. Losing, there is the appeal here. In both appellate courts the practice gives primacy of consideration to criminal appeals.

In addition, under the Hawaiian law exists the remedy of prohibition by the Hawaiian Supreme Court, a remedy parallel to injunction, against the territorial court in which the same issues may be disposed of summarily with the right of appeal here. Cf. International Longshoremen's Union v. Wirtz, 9 Cir., 170 F.2d 183, 184, where the question was whether the Hawaiian court had its jurisdiction to issue injunctions in labor disputes limited by the Norris LaGuardia Act. As well could be raised in a prohibition proceeding in the Hawaiian Supreme Court the contention of the absence of jurisdiction because the prosecution was for action permitted by the first amendment and a statute making it criminal is void.

In the present equity proceeding, there have been such delays that it was not appealed to this court until eleven months after the suit was commenced below, whereas, in the prohibition proceeding in the Wirtz case, supra, the case was decided below and the appeal to this court was taken in three and one-half months after the petition for prohibition was filed in the Hawaiian Supreme Court. In the instant case, for over twenty-two months the restraining order has stayed the hand of the officers charged with enforcement of Hawaiian criminal law, with the necessary derogating effect in the public mind of criminal justice delayed. There is no reason to believe that the issue would have taken any longer, if as long, in reaching this court if the criminal case had been tried and appealed to the Hawaiian Supreme Court.

The case presents no exceptional circumstances. At the hearing it was admitted that the strike had ended before the district court issued its restraining order. The complaint below alleges no conspiracy or wrongful connection between the prosecution and the employer, as in Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423, where the defendant officers, under the pretense of enforcing an unconstitutional ordinance, forcibly deported the charged and other persons without trial beyond the city limits. Nor does the complaint allege any of the facts which the decision of the District Court of Hawaii found exceptional in International Longshoremen's Union v. Ackerman, 82 F. Supp. 65.

While the complaint alleges that the claimed unlawfulness of the injunction against picketing wrongfully will "intimidate" appellants, it is apparent that if it be lawful, which is the question in issue, no such consequence will follow. The only question between the parties in the enjoined proceeding in the Hawaiian circuit court is one of the interpretation of a constitutional amendment and a federal statute, in a criminal prosecution in which the

178

good faith of the prosecution is not questioned.

In this situation, the case is clearly within the principles established in Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L. Ed. 1324, a decision strongly relied upon by appellees and in the comprehensive brief of Livingston Jenks, amicus curiae, which appellants' brief does not attempt to distinguish. The Supreme Court there considered the enjoining by the federal district court of a threatened prosecution under an ordinance of the City of Jeanette in the State of Pennsylvania.

The plaintiffs in the United States District Court claimed, as here, that the Jeanette ordinance violates their rights under the Constitution of the United States and the Civil Rights Act of 1871, 17 Stat. 13. As here, it was a class suit seeking to protect all the many Jehovah's Witnesses in Pennsylvania and adjoining states. As here claimed with respect to the right to picket in a labor dispute, enforcement of the ordinance would "intimidate" all these many persons from exercising their right to distribute their religious literature. In another case, on certiorari from a conviction in a Pennsylvania superior court, the same ordinance was held unconstitutional. Murdock v. Pennsylvania, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292, 146 A.L.R. 81, decided the same day as the Jeannette case.

With these parallel methods of determining the constitutional and civil rights issues involved, the Supreme Court held in the Jeannette case that the district court, instead of enjoining the state court prosecution, sua sponte should have recognized that there was a remedy at law which made wrongful its exercise of its equity injunctive powers. Its opinion, 319 U.S. at pages 163, 164, 63 S.Ct. at page 881, 87 L.Ed. 1324, states:

"Congress, by its legislation, has adopted the policy, with certain well defined statutory exceptions, of leaving generally to the state courts the trial of criminal cases arising under state laws, subject to review by this Court of any federal questions involved. Hence, courts of equity in the exercise of their discretionary powers should conform to this policy by refusing to interfere with or embarrass threatened proceeding in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent; and equitable remedies infringing this indedence of the states—though they might otherwise be given—should be withheld if sought on slight or inconsequential grounds. * * *

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. * * * "It does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued to this Court."

Since this is true of an injunction which would prevent a multiplicity of threatened prosecutions, it is true a fortiori of the enjoining of a single pending criminal proceeding. Cf. Babcock v. Noh, 9 Cir., 99 F.2d 738, 740.

The Jeannette case concerned the enjoining of state prosecutions. We think the criminal laws of the Territory of Hawaii are entitled to the same protection. Section 86 (c) of the Hawaiian Organic Act, 48 U.S.C. § 642, 48 U.S.C.A. § 642, provides that the United States District Court for the District of Hawaii "shall have the jurisdiction fo district courts of the United States, * * *."

Section 86 (d) of the Hawaiian Organic Act, 48 U.S.C. § 645, 48 U.S.C.A. § 645, contains the following:

"The laws of the United States relating to appeals, writs of error, removal of

179

causes, and other matters and proceedings as between the courts of the United States and the courts of the several States shall govern in such matters and proceedings as between the courts of the United States and the courts of the Territory of Hawaii."

A result of Section 86 (c) is that if a constitutional district court is precluded by statute or rule of law from interfering in state court proceedings similar to the proceedings in which this Rice order was issued, the United States District Court for the District of Hawaii is precluded from interfering with the territorial court proceedings. Section 86 (d) has the same effect.

This court has recognized that the Organic Act places the courts of the Territory of Hawaii in a relatively similar position to the federal judicial system as are the state courts. See Wilder's S. S. Co. v. Hind, 9 Cir., 108 F. 113, 115, 116, affirmed 183 U.S. 545, 22 S.Ct. 225, 46 L.Ed. 321, and Yeung v. Territory of Hawaii, 9 Cir., 132 F.2d 374, 378.

Appellees claim that the provisions of 28 U.S.C. § 379, 28 U.S.C.A. § 379, now § 2283 of Title 28 as revised, that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments", apply to the Territorial courts. It is unnecessary to resolve this question for, if that statute be applicable to the Territory, there is no Act of Congress excepting its provisions from the instant case. If not applicable, the principles of the Jeannette case control.

We find no merit in appellants' contention that the Hawaiian territorial courts are deprived by the Clayton, 38 Stat. 730, and Norris-LaGuardia Acts of their jurisdiction to entertain suits by employers for injunctions in all labor disputes, and that the sole forum for the employer is the United States District Court for the territory. The argument that the rights of the employees to be free from certain kinds of injunction conferred by these two acts deprives all the territorial courts of any control of labor relations

finds no support in the text of either Act, nor from the Congressional debates on their enactment. In this respect we can see no distinction between the Territory of Hawaii and any state of the Union.

The judgment dismissing the complaint is affirmed.