Wilma I. THORNE, Appellant,

v.

Richard SCHWEIKER, Secretary of
Health and Human
Services, Appellee.

No. 82–1112.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1982.

Decided Dec. 7, 1982.

Robert Van Norman, Asst. Regional Atty., Dept. of Health and Human Services, Kansas City, Mo., for appellee.

Richard H. Hoch, Hoch & Steinheider, Nebraska City, Neb., for appellant.

Before BRIGHT, JOHN R. GIBSON, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Wilma I. Thorne appeals from an order of the district court [1] sustaining the final decision of the Secretary of Health and Human Services denying her application for social security disability benefits. Appellant has osteoarthritis of the spine,[2] and there appears to be no disagreement that her current condition renders her disabled. The crucial issue, however, is whether appellant was disabled as of June 30, 1975, the last date on which she met the special earnings requirements of the Social Security Act. We affirm the decision of the district court.

Appellant's case has been before this court previously. On the first appeal, the court remanded the case so that the Admin-

---

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

2. Appellant also has diabetes and hypertension. These conditions are under control, however, and appellant does not contend that they were disabling in 1975.

istrative Law Judge (ALJ) could more fully develop the evidence of appellant's disability as of 1975, and in particular so that the ALJ could hear the views of appellant's treating physician on this issue. *See: Thorne v. Califano*, 607 F.2d 218 (8th Cir. 1979).

Appellant was employed as a nurse's aide until May 1975, when she quit her job. Appellant contends that she was forced to stop working because of severe and disabling back pain caused by her spinal osteoarthritis. At the time appellant stopped working she was 55 years old. She has only a tenth grade education, and has spent most of her working life as either a nurse's aide or a production line worker at a food plant.

■ To establish that she was disabled as of June 30, 1975, appellant needed to prove that she had (1) a medically determinable physical or mental impairment that could be expected to result in death or which had lasted or could be expected to last for a continuous period of not less than twelve months; (2) that she was unable to engage in any substantial gainful activity; and (3) that this inability was a result of her impairment. 42 U.S.C. § 423(d)(1); *Camp v. Schweiker*, 643 F.2d 1325, 1332 (8th Cir. 1981). A showing that appellant had a back ailment alone would not support a finding that she was disabled unless the limitations imposed by the back ailment prevented her from engaging in substantial gainful activity. *Roberts v. Schweiker*, 682 F.2d 743, 744 (8th Cir.1982).

On remand, the ALJ heard testimony from appellant's treating physician, Dr. Rodney Koerber, who stated that appellant was suffering from arthritis in 1977. He had no objective evidence of appellant's having had trouble with her back before that time, although he felt she could have had back problems at the time she quit working. He could not testify with certainty that her condition was disabling in 1975.[3]

Because of the lack of objective medical evidence regarding appellant's condition in 1975, the ALJ had to rely primarily on the testimony of appellant herself. The ALJ was obligated to give serious consideration to appellant's testimony about the severity of her pain even though it was not fully corroborated by objective examination. *Brand v. Secretary of HEW*, 623 F.2d 523, 525–26 (8th Cir.1980). It is clear from the record that the ALJ did so consider appellant's testimony, but found it not credible for several reasons.

Appellant contended that her arthritis pain was so severe that her husband had to drive her to and from work during the last several months she was employed. She also testified, however, that once she arrived at work she performed fairly strenuous activities, sometimes including lifting patients. Appellant further testified that after she quit her job she continued to do two or three hours of housework daily and still pursued her gardening. In addition, appellant did not seriously seek medical help for her back pain until approximately 1977, even though she contends that it was so severe in 1975 that it prevented her from working. Because of these inconsistencies, the ALJ concluded that appellant's testimony lacked credibility.

The ALJ concluded that there was not sufficient evidence to show that appellant had "experienced pain of such intensity, frequency, or duration, as would have prevented her from performing substantial gainful activity in June, 1975." Opinion of Administrative Law Judge at 12. He determined that as of June 1975 claimant could have continued her former work "at least at light and sedentary levels of exertion" and that she therefore was not disabled.

■ The decision to deny appellant disability benefits must be affirmed if it is supported by substantial evidence on the record as a whole. *Weber v. Harris*, 640

---

**3.** The ALJ also heard the testimony of a vocational expert, who stated in response to a hypothetical question that Mrs. Thorne could return to her former work at light and sedentary levels of exertion if it was determined that her back pain in 1975 was not so severe as she contended.

F.2d 176, 178 (8th Cir.1981). It is for the ALJ to resolve conflicts and ambiguities in the evidence. *Id.* Furthermore, " '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.' " *Brand v. Secretary of HEW,* 623 F.2d at 527, quoting from *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456, 467 (1951).

We conclude that the decision to deny appellant disability benefits was supported by substantial evidence. Accordingly, we affirm the decision of the district court.